UNITED STATES, Appellee,

v.

Grady D. GLOVER, Staff Sergeant, U.S. Army, Appellant.

No. 98–0822.
Crim.App. No. 9600736.

U.S. Court of Appeals for the Armed Forces.

Argued April 6, 1999.

Decided July 2, 1999.

Sullivan, J., filed an opinion concurring in the result.

EFFRON, J., delivered the opinion of the Court, in which COX, C.J., and CRAWFORD and GIERKE, JJ., joined. SULLIVAN, J., filed an opinion concurring in the result.

For Appellant: *Captain Marc D.A. Cipriano* (argued); *Major Leslie A. Nepper* (on brief); *Colonel John T. Phelps, II.*

For Appellee: *Major Patricia A. Ham* (argued); *Lieutenant Colonel Eugene R. Milhizer* (on brief); *Colonel Russell S. Estey* and *Major Lyle D. Jentzer.*

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of resisting apprehension, damaging military property (2 specifications), reckless driving, and wrongful use of an inhalant (3 specifications), in violation of Articles 95, 108, 111, and 134, Uniform Code of Military Justice, 10 USC §§ 895, 908, 911, and 934, respectively.

He was sentenced to a bad-conduct discharge, confinement for 141 days, and reduction to Private E–1. The convening authority approved the adjudged sentence and credited appellant with 141 days against his sentence to confinement. The Court of

Criminal Appeals affirmed the findings and sentence.

Appellant's convictions arise from his inhalation of Dust–Off, a cleaning product, and his conduct while under its influence. On appellant's petition, we granted review of the following issue:

WHETHER THE FAILURE TO INSTRUCT THE PANEL ON THE ELEMENT OF WRONGFULNESS NECESSARY FOR FINDINGS OF GUILTY IN THE SPECIFICATIONS OF CHARGE IV [WRONGFUL INHALATION OF CHLORODIFLUOROMETHANE AND DIFLUOROETHANE] WAS PLAIN ERROR BY THE MILITARY JUDGE.

For the reasons stated below, we affirm the decision of the Court of Criminal Appeals.

## I. BACKGROUND

### A. THE CHARGED MISCONDUCT

The granted issue concerns three separate incidents which led to the charge of wrongful use of an inhalant. The first incident took place while appellant was driving on post. When he reached a "T" intersection, appellant failed to turn, gunned the engine of his minivan, and crashed into the quarters of Staff Sergeant (SSG) Vera. Witnesses who arrived on the scene shortly after the crash testified that appellant appeared to be having a seizure. One witness testified that he noticed a "silverish-gray" can between appellant's legs. Appellant was dragged from his minivan while both the vehicle and the house caught fire. The fire destroyed the home, and SSG Vera and his family lost all of their possessions. A can of Dust–Off was retrieved from appellant's vehicle after the fire was extinguished.

In the second incident, which occurred 2 weeks later, the Military Police (MPs) were called to the post library because of suspicious activity in a restroom. When they entered the restroom, the MPs heard moaning and a spraying sound coming from inside a locked stall. The MPs ordered the occupant to leave the stall, and appellant emerged, stumbling and looking confused. A can of Dust–Off was retrieved from the stall. Appellant admitted that the Dust–Off was his

and told medical personnel that he had been inhaling it. He later told an investigator that he inhaled the Dust–Off because it was a "quick high."

The third incident occurred 3 weeks after the second, while appellant was on his lunch break. A coworker, SSG Mitchel, drove appellant home for lunch. SSG Mitchel returned to appellant's house at the end of the lunch hour, but appellant did not answer his door, and SSG Mitchel returned to work alone. When SSG Mitchel determined that appellant was not at work, Mitchel returned to appellant's house to check on him. While searching through the house, SSG Mitchel heard a sound like the discharge from an aerosol can in the bathroom. Because the bathroom was locked, Mitchel became worried for appellant's safety. Mitchel tried to talk appellant into opening the bathroom door while he had a neighbor call for paramedics. When appellant finally opened the bathroom door, SSG Mitchel witnessed appellant inhaling from a Dust–Off can. SSG Mitchel and the neighbor then helped appellant from the bathroom.

Appellant refused to allow the paramedics to treat him and punched his hand through a window in the house. As a result of this confrontation, MPs were called to the scene. Appellant was belligerent toward the MPs, refused to be frisked, and threatened to punch a car window. Eventually, the MPs were able to frisk and handcuff him. Once in the MPs' vehicle, appellant fought against being restrained and bit an MP on the arm when the MP attempted to secure appellant's seat belt. The MPs retrieved a can of Dust–Off from the house.

### B. THE MILITARY JUDGE'S INSTRUCTIONS AT TRIAL

With respect to the offense of wrongful inhalation, the military judge instructed the members as to two elements. First, that on the various charged dates, "Staff Sergeant Glover did a certain act; that is, that he inhaled—he wrongfully inhaled chlorodifluoromethane or some hazardous substance." Second, "that under the circumstances his

conduct was to the prejudice of good order and discipline in the Army, or was of a nature to bring discredit upon the Army." The judge gave amplifying instructions on the meaning of "prejudicial to good order and discipline" and "service discrediting." Appellant contends that the military judge erred because he failed to further instruct the members as to the legal meaning of "wrongfully inhaled," and that this failure to instruct constituted plain error.

## II. DISCUSSION

■■■ A military judge is required to instruct the members on the elements of each charged offense. *See* RCM 920(e)(1), Manual for Courts–Martial, United States (1998 ed.). If a judge "*omits entirely* any instruction on an element of the charged offense, this error may not be tested for harmlessness because, thereby, the court members are prevented from considering that element at all." *United States v. Mance*, 26 MJ 244, 255 (CMA 1988) (emphasis in original). In the present case, the military judge did not omit entirely an instruction on wrongfulness. He instructed the members that, in order to find appellant guilty, they had to find that he "wrongfully inhaled" the Dust–Off. Thus, reversal is not required under *Mance*.

■■■ The question remains whether the judge erred by failing to give a more specific or amplified instruction on the meaning of wrongfulness. Because defense counsel did not request such an instruction, we test for plain error. *See generally United States v. Powell*, 49 MJ 460, 463–64 (1998) (requiring identification of a clear or obvious error that materially prejudiced substantial rights of the accused). We conclude there was no plain error in this case.

The failure to give a more detailed instruction on wrongfulness was not clear or obvious error, particularly in the absence of any explicit precedent requiring such an instruction. The offense, wrongful inhalation of a toxic substance, was charged under the general provisions of Article 134. The Military Judges' Benchbook (Dept. of the Army Pamphlet 27–9 (Sept. 1996)) contains no model instruction for the charged offense. Appel-

lant notes that the model instruction for wrongful use of a controlled substance requires a more detailed definition of wrongfulness. *Id.* at para. 3–37–2(d). The substance at issue in this case, however, was not a controlled substance. In that regard, we note that the Benchbook—with respect to the similar offense of wrongful overindulgence of alcohol—does not require a more detailed instruction for wrongfulness. *Id.* at para. 3–76–1. It is noteworthy that, during the sentencing proceedings at trial, appellant expressly rejected comparison of his offense to wrongful use of a controlled substance and analogized it to alcohol abuse. The military judge agreed, and provided a sentencing instruction that contained a maximum punishment significantly lower than the maximum that would have applied if the military judge had used the maximum for drug abuse. In light of these circumstances, and in the absence of any case law requiring a more detailed instruction, the failure to provide such an instruction was not a clear or obvious error.

Even if there was clear and obvious error, it was not prejudicial. *See United States v. Powell, supra;* Art. 59(a), UCMJ, 10 USC § 859(a). This case did not involve evidence of unknowing ingestion; nor did it involve a claim of inadvertent ingestion in the course of appropriate use of the substance. In light of the nature of the evidence in the present case, there was little chance that the members would be unclear about how to apply the word "wrongful" in reaching findings. The instructions, when considered as a whole, were sufficient to ensure that appellant would not be convicted for an innocent inhalation of the Dust–Off in the context of the evidence in this case. As a result, appellant was not prejudiced by the lack of an instruction defining the word "wrongfully."

## III. DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring in the result):

The wrongfulness language in this specification of inhalant use under Article 134, Uni-

form Code of Military Justice, 10 USC § 934, was clearly surplusage. *See United States v. Davis*, 26 MJ 445, 448–49 (CMA 1988). I would affirm on the basis that proper instructions were given that the use of an inhalant had to be shown to be a service disorder or discredit, and ample evidence supported such a finding in this case. *Id.*