IN THE CASE OF


UNITED STATES, Appellee

v.

Steven TSCHIP, Airman First Class
U.S. Air Force, Appellant

No. 03-0024

Crim. App. No. ACM S30016

United States Court of Appeals for the Armed Forces

Argued April 9, 2003

Decided June 11, 2003

EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, BAKER, and ERDMANN, JJ., joined.


Counsel


For Appellant:  Captain Antony B. Kolenc (argued); Colonel
    Beverly B. Knott and Major Terry L. McElyea (on brief).

For Appellee:  Captain Shannon J. Kennedy (argued); Colonel
    LeEllen Coacher and Lieutenant Colonel Lance B. Sigmon (on
    brief).



Military Judge:  Kurt D. Schuman



**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.**

Judge EFFRON delivered the opinion of the Court.

A special court-martial composed of officer and enlisted members, convicted Appellant, pursuant to his pleas, of two specifications of dereliction of duty and one specification of dishonorably failing to maintain sufficient funds in his credit union account to pay for checks he uttered, in violation of Articles 92 and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892, 934 (2000). He was sentenced to a bad-conduct discharge, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion.

On Appellant's petition, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE COMMITTED PLAIN
> ERROR BY GIVING THE MEMBERS MISLEADING
> INSTRUCTIONS ABOUT THE POSSIBILITY OF
> APPELLANT BEING ADMINISTRATIVELY DISCHARGED
> FROM THE AIR FORCE IN THE EVENT THE MEMBERS
> CHOSE NOT TO ADJUDGE A PUNITIVE DISCHARGE
> AND BY INFORMING THE MEMBERS THAT THEY COULD
> DISREGARD APPELLANT'S REQUEST IN THIS REGARD
> WHICH HE MADE IN HIS UNSWORN STATEMENT.

For the reasons set forth below, we affirm the decision of the Court of Criminal Appeals.

2

United States v. Tschip, No. 03-0024/AF

## I. UNSWORN STATEMENTS DURING SENTENCING

During sentencing proceedings in a court-martial, the accused has the right to "testify, make an unsworn statement, or both in extenuation, in mitigation or to rebut matters presented by the prosecution[.]"  Rule for Courts-Martial 1001(c)(2)(A) [hereinafter R.C.M.].  Under R.C.M. 1001(c)(2)(C) the unsworn statement may be either oral or written, and it may be presented either by the accused or by counsel.  The accused may not be cross-examined by the prosecution or questioned by the court-martial upon it, but the prosecution may introduce evidence to rebut statements of facts therein.  Id.  Although the scope of an unsworn statement may include matters that are otherwise inadmissible under the rules of evidence, the right to make an unsworn statement is not wholly unconstrained.  See, e.g., United States v. Jeffery, 48 M.J. 229, 230 (C.A.A.F. 1998).  Military judges have broad authority to give instructions on the "meaning and effect" of the accused's unsworn statement, both to ensure that the members place such a statement "in the proper context" and "to provide an appropriate focus for the members' attention on sentencing."  United States v. Grill, 48 M.J. 131, 133 (C.A.A.F. 1998).

## II. FACTUAL BACKGROUND

During sentencing, Appellant presented testimony and documentary evidence in extenuation and mitigation of his offenses, including an unsworn statement. The unsworn statement covered a wide range of issues. Appellant apologized to his wife, his family and the members of his unit; gave brief highlights from his childhood; talked about his father's service of twenty-seven years in the Army; detailed his involvement in the Air Force Junior Reserve Officer Training Corps in high school and Army Reserve Officer Training Corps in college; discussed his efforts to make restitution to the victims of his crimes; and outlined his service on active duty in the Air Force. Appellant concluded his unsworn statement by reading the following passage to the members:

> No matter what happens at the end of today I know in my heart I will overcome the mistakes I made and move on with my life. I accept total responsibility for what I have done and the fact that my Air Force career is most likely over with now. I would still like to stay in the Air Force though. As much as I would like the chance to redeem myself, I know that my commander can discharge me even if I do not receive a bad conduct discharge today. The worst punishment for me will be wondering every day for the rest of my life what my life would have been like if I would have just been able to stay in the Air Force. Even though this chapter in my life is most likely over with I still have a lot of ambition. I'd like to finish college and

> earn a bachelors [sic] degree in engineering
> which is something that I've been wanting to
> do ever since I was in high school.  With
> this degree, I wanted to try to receive a
> commission[,] as an officer in the Air
> Force[,] like my father.  Please don't
> shatter these dreams by giving me a bad
> conduct discharge.  I want to continue
> serving the Air Force, but if that is not
> possible, please be fair and just.

Prior to closing argument by the prosecution and defense counsel on sentencing, the military judge conducted a session pursuant to Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2000) to review proposed instructions.  The proposed instructions included the following regarding Appellant's unsworn statement:

> In his unsworn statement, the accused made
> reference to the possibility of an
> administrative discharge.  Although an
> unsworn statement is an authorized means to
> bring information to your attention, and
> must be given the consideration it is due,
> as a general evidentiary matter, information
> about administrative discharges and the
> procedures related thereto, are not
> admissible in trials by courts-martial.
>
> The issue concerning the possibility of the
> administrative discharge of the accused is
> not a matter before this court.  This is
> what we call a collateral matter.  You
> should not speculate about it.  After due
> consideration of the accused's reference to
> this matter, you are free, in your
> discretion, to disregard the reference if
> you see fit.  This same caution applies to
> any references made concerning this
> information by counsel during arguments.

During this session, the military judge asked counsel if they had any objections or proposed revisions to the proposed instructions.  Counsel for both parties stated that they had no objections or recommended additions.

In closing argument, defense counsel contended that a punitive discharge would be disproportionate, that Appellant possessed good rehabilitation potential, that the shame of a federal conviction constituted significant punishment, and that other punishment options were much more appropriate, such as "taking stripes," "restriction to base," or "hard labor without confinement."  Defense counsel made no mention of the possibility of administrative discharge.

Following arguments by counsel, the military judge provided the members with instructions on sentencing, which tracked the instructions he previously reviewed with counsel.  At the conclusion of instructions, the military judge asked whether either counsel objected to the instructions as given or wished to request any additional instructions.  Both counsel responded in the negative.

## III. DISCUSSION

In this appeal, Appellant contends that his right to give an unsworn statement was impermissibly impaired by the reference to administrative discharges in the military judge's

6

instructions.  Such an issue is a question of law, which we review de novo.  United States v. Hibbard, 58 M.J. 71, 75 (C.A.A.F. 2003).  In the absence of an objection, we review deficiencies in the instruction for plain error.  See United States v. Glover, 50 M.J. 476, 478 (C.A.A.F. 1999).

In the present case, Appellant made a passing, vague reference in his unsworn statement to the possibility that his commander might initiate administrative discharge proceedings against him.  He did not specifically ask the members to take or refrain from any specific action in light of his comment, and defense counsel did not raise the subject of an administrative discharge during closing argument.  Under these circumstances, we decline to speculate as to the message that Appellant was intending to convey to the members through a reference to an administrative discharge.

The military judge instructed the members that the subject of an administrative discharge was a collateral matter, that they should give that aspect of Appellant's unsworn statement due consideration, and that they had discretion to disregard the reference to an administrative discharge if they saw fit to do so.  In view of Appellant's unfocused, incidental reference to an administrative discharge, the military judge did not err by providing instructions that placed Appellant's statement in the appropriate context for purposes of their decision-making

7

process.  We need not decide whether the instructions provided by the military judge would be appropriate in a case involving different references to an administrative discharge.  Under facts of this case, the instructions by the military judge did not constitute error, much less plain error.  See Glover, 50 M.J. at 478.

## IV. DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.