# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist EDWIN ZELAYA**
**United States Army, Appellant**

ARMY 20110507

Headquarters, III Corps and Fort Hood
Gregory A. Gross, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Jonathan F. Potter, JA; Captain A. Jason Nef, JA; Captain J. Fred Ingram, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Elisabeth A. Claus, JA; Captain Timothy C. Erickson, JA (on brief).

27 February 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

KRAUSS, Judge:

A panel composed of officer members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of wrongful sexual contact in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006 & Supp. I 2008) [hereinafter UCMJ].  He was acquitted of five other specifications levied under Article 120, UCMJ, including aggravated sexual assault, two specifications of aggravated sexual contact with a child, and two additional specifications of wrongful sexual contact.  Each specification in this case involved different alleged victims.  The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

This case is before the court for review under Article 66, UCMJ.  Appellant assigns three errors and raises a number of issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  Certain assertions of error and matters

relative to the sufficiency of the evidence, deficiencies with the judge's instructions, and trial counsel's argument on findings warrant brief discussion but no relief.

We find the evidence legally and factually sufficient to support appellant's guilt. *See United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). SR's testimony establishes that appellant intentionally touched her breast and buttocks, that he did so without SR's permission, that SR was offended by that touching, and that SR understood the touching to be sexual in nature. The context within which appellant committed these acts and the nature of the touching leave us no reasonable doubt over appellant's intent and that it meets the statutory requirement under Article 120(t)(2), UCMJ. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 45.a(t)(2).

We next turn to appellant's allegation that the judge failed to instruct on the lesser-included offense of assault consummated by a battery. A military judge has a sua sponte duty to instruct the members on any lesser-included offenses reasonably raised by the evidence. *United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011); *United States v. Wells*, 52 M.J. 126, 129-30 (C.A.A.F. 1999). The military judge should only instruct on a lesser-included offense "where the greater offense requires members to find a disputed factual element which is not required for conviction of the lesser violation." *United States v. Tunstall*, 72 M.J. 191, 192 (C.A.A.F. 2012); *accord Sansone v. United States*, 380 U.S. 343, 350 (1965). Omission of instruction on a lesser-included offense that is raised by the evidence must be tested for harmlessness beyond a reasonable doubt. *See United States v. Brown*, 63 M.J. 735, 740 (Army Ct. Crim. App. 2006); *Wells*, 52 M.J. at 130 ("[R]eversal is required 'only when an appellate court is convinced that the *evidence* issues are such that a rational jury could acquit on the charged crime but convict on the lesser crime.'").

We agree with the judge and parties below that the evidence did not raise the lesser-included offense of assault consummated by a battery. *See generally United States v. Griffin*, 50 M.J. 480 (C.A.A.F. 1999). Even if we assume error, any error was harmless beyond a reasonable doubt because we do not find evidence issues such that a rational panel could acquit of the wrongful sexual contact but convict of the assault consummated by a battery. *See Wells*, 52 M.J. at 130-31. The offensive touching in this case, coupled with the nature and circumstances of the touching which establishes the requisite intent, constitute sexual contact by definition. Therefore, we do not find any evidence "from which the members could reasonably find that appellant committed" a battery only rather than wrongful sexual contact. *See id.*

We next turn to the fact that while the judge offered a complete definition of sexual contact for the specification relative to wrongful sexual contact with CO (for which appellant was acquitted), he neglected to do so in relation to the alleged wrongful sexual contact with SR and CB (for which appellant was convicted and

acquitted, respectively). It is necessary at the outset to underline that the defense never objected to the complained lack of instruction or requested additional instruction at trial. Under these circumstances, we are limited to review for plain error and ultimately find none. *See United States v. Simpson*, 58 M.J. 368, 378-79 (C.A.A.F. 2003); *United States v. Glover*, 50 M.J. 476, 478 (C.A.A.F. 1999). Because the judge provided definition of sexual contact as it related to other specifications and that definition was available to the panel in deliberations, we do not find the instructions so incomplete as to constitute plain error. *See Simpson*, 58 M.J. at 378-79; *Glover*, 50 M.J. at 478. Assuming for the sake of this decision that this failure amounts to error that is plain, we similarly find no prejudice. The incomplete instruction did not undercut appellant's theory of defense which was that SR should not be believed or, if the touching occurred, that she essentially permitted it. Nor do we find that absence of the definition of sexual contact could reasonably have contributed to the panel's finding in light of the entire record and the fact that the definition of sexual contact was provided as part of the instructions as a whole and available to the panel in deliberations. *See Glover*, 50 M.J. at 478.

Finally, we address concern with trial counsel's findings argument, which included the following:

> Finally, I'll -- -- I'll tell you that, when you're weighing the reasons why people might want you to believe the version of the facts that -- -- that their advocate recites to you, if you believe that these witnesses are all lying, then he keeps his freedom and maintains his professional career and his reputation and he retains his income and, most dangerously of all, he gets tacit approval of his coercive and aggressive sexual behavior. And what does he stand to lose if you disbelieve all the victims? Nothing. That's the only one-sided equation we've got in this whole case.

Because defense counsel did not object, we review this issue of improper argument for plain error as well. *See United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005). It is difficult to gauge how plain the impropriety of this argument was in light of its somewhat confused delivery. However, it smacks of a nullification argument in reverse. It seems counsel argued that even if the panel determined that none of the government's witnesses were credible, they should convict anyway because it would be terrible to permit someone who behaves with such sexual aggression to go free. Such argument would be wholly improper, especially as it relates to the heightened attention concentrated on the issue of accountability for sexual assault in recent history. Assuming, for the sake of this decision, that the error was plain, we must yet test for prejudice. *Id.* at 184-85. In light of the essentially uncontroverted evidence that appellant grabbed SR's buttocks and breast without her permission under circumstances that warrant inference of the

requisite intent, we are confident that, despite any impropriety with argument, the court-martial convicted appellant on the evidence and not on the statements of trial counsel. *See United States v. Halpin*, 71 M.J. 477, 479-80 (C.A.A.F. 2013); *Fletcher*, 62 M.J. at 185.

We have considered each of the errors assigned separately and find that none warrant relief and that, assuming error in each case, such error was harmless. We also do not find that "there is a reasonable possibility that, taken cumulatively, those errors might have contributed to the conviction." *United States v. Flores*, 69 M.J. 366, 373 (C.A.A.F. 2011).

After consideration of the entire record, the parties' briefs, and the matters personally raised by appellant pursuant to *Grostefon*, the findings of guilty and the sentence are AFFIRMED.

Senior Judge LIND and Judge BORGERDING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court