# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Senior Airman CLINTON T. PICKERING
### United States Air Force

### ACM 38248

### 15 May 2014

Sentence adjudged 8 November 2012 by GCM convened at Ellsworth Air Force Base, South Dakota. Military Judge: Rodger A. Drew.

Approved Sentence: Bad-conduct discharge, confinement for 6 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Christopher D. James.

Appellate Counsel for the United States: Gerald R. Bruce, Esquire; Lieutenant Colonel C. Taylor Smith; Major Daniel J. Breen; and Captain Matthew J. Neil.

Before

HECKER, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

HECKER, Judge:

A general court-martial composed of officer members convicted the appellant, contrary to his pleas, of aggravated sexual assault, in violation of Article 120, UCMJ, 10 U.S.C. § 920. The members sentenced him to a bad-conduct discharge, confinement for 6 months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the sentence as adjudged.

The appellant raises two issues on appeal: (1) whether his trial defense counsel were ineffective when they allowed him to concede his guilt during his unsworn

statement; and (2) whether the military judge erred by failing to give a defense-requested instruction on sex offender registration.[1]  Finding no error that materially prejudices a substantial right of the appellant, we affirm.

*Ineffective Assistance of Counsel*

Following a litigated trial, the appellant was convicted of digitally penetrating a female airman while she was substantially incapable of declining participating in that sexual act.  The appellant argues his trial defense counsel were ineffective by allowing him to concede guilt in his unsworn statement.  In that statement, the appellant said:

> Members, I stand before you filled with shame and humiliation.  I am so sorry that I hurt my friend [the victim].  I thought the world of her and I still do.  Her friendship meant more to me than I can possibly tell you.
>
> . . . .
>
> . . . [O]ne night, for reasons that I still can't understand, I let myself touch her inappropriately.  Though my motivation was mainly curiosity, I know that I was violating the boundaries of our relationship, and she has every right to be mad at me.  When we talked about what I had done, I said that I was sorry.  In my heart, I hope that she could forgive me, and I could make up for what I have done by being a good friend and respecting her boundaries from then on.

Claims of ineffective assistance of counsel are reviewed by this court de novo, applying the two-pronged test the Supreme Court set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  *See United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007).  Under *Strickland*, an appellant must demonstrate:

> (1) a deficiency in counsel's performance that is so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment; and (2) that the deficient performance prejudiced the defense through errors so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Tippit*, 65 M.J. at 76 (quoting *United States v. Moulton*, 47 M.J. 227, 229 (C.A.A.F. 1997)) (internal quotation marks omitted).

---

[1] The appellant also raised a third issue regarding the completeness of his record of trial based on a missing document, but that issue is now moot as the missing document was submitted to this Court during the appellate review process.

The deficiency prong requires an appellant show the performance of counsel fell below an objective standard of reasonableness, according to the prevailing standards of the profession. *Strickland*, 466 U.S. at 688. The prejudice prong requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In conducting this analysis, appellate courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. We "'will not second-guess the strategic or tactical decisions made at trial by defense counsel.'" *United States v. Anderson*, 55 M.J. 198, 202 (C.A.A.F. 2001) (quoting *United States v. Morgan*, 37 M.J. 407, 410 (C.M.A. 1993)).

The appellant cites to *United States v. Wean*, 45 M.J. 461 (C.A.A.F. 1997), in contending that his trial defense counsel were deficient for allowing him to concede his guilt in sentencing. In that case, our superior court discussed concessions of guilt by defense counsel during sentencing arguments:

> [I]n general, when an accused has consistently denied guilt, a functional defense counsel should not concede an accused's guilt during sentencing, not only because this can serve to anger the panel members, but also because defense counsel may be able to argue for reconsideration of the findings before announcement of the sentence.

*Id.* at 464. At the time of the *Wean* trial, members were allowed to reconsider findings of guilty at any time before announcement of the sentence. *Id.* at 464 n.4. Currently, and at the time of this court-martial, Rule for Courts-Martial 924 allows members to reconsider findings only before they are announced in open court. *See also* Analysis of Rules for Courts-Martial, *Manual for Courts-Martial, United States*, A21-71 (2012 ed.). With this change, the rationale that lead to the *Wean* decision is weakened, as is the appellant's argument.

Furthermore, declarations prepared by the appellant's two trial defense counsel in response to an order from this Court provide sound tactical reasons for the approach taken by the appellant during his unsworn statement, which was designed to convey his genuine remorse for what had occurred between him and the victim. This tactical decision was definitely reasonable as the Government had introduced evidence in findings that the appellant had confessed on three occasions to engaging in the charged sexual activity. Given this, we find the appellant has failed to meet his burden of demonstrating his trial defense counsel's conduct was deficient. Furthermore, he has failed to demonstrate any prejudice.

*Instruction on Sex Offender Registration*

At trial, defense counsel asked the military judge to take judicial notice of the federal sex offender registration requirement and to instruct the panel that the appellant faces "certain mandatory consequences" based on his conviction, namely that the Air Force will report his conviction to any state in which he works, resides, or attends school, and that federal law requires each state to make the appellant's name, address, and employment status publicly available. The proposed instruction further stated that sex offender registration is not one of the punishments available to the panel but the panel "may consider this fact in arriving at an appropriate sentence." The military judge declined to give the instruction, noting that it was unclear how a state would implement the offender registration requirement. The military judge further noted that the appellate courts have not required such an instruction and that such courts were better postured to create a uniform instruction if one was to be required.

In his unsworn statement, the appellant stated, "Please bear in mind that I am going to have to register as a sex offender which will have devastating effects on my future." In response, the military judge instructed the members:

> The accused's unsworn statement included the accused's personal thoughts about the fact that he will have to register as a sex offender. An unsworn statement is a proper means to bring information to your attention, and you must give it appropriate consideration. Your deliberations should focus on an appropriate sentence for the accused for the offense of which [he] stands convicted.

> Federal law and military regulations do require, as a result of a court-martial for Aggravated Sexual Assault, that the accused's conviction be reported to civilian authorities. Various state and local laws use this information in a variety of ways. Your duty is not to speculate on the collateral actions that others may take as a result of the accused's conviction. Rather, your duty is to adjudge an appropriate sentence for the accused that you regard as fair and just when it is imposed and not one whose fairness depends upon actions that others may or may not take.

In his sentencing argument, trial defense counsel told the members to consider the sex offender registration and to consider how that was going to affect the appellant for the rest of his life. In response, trial counsel argued that sex offender registration was not a punishment but instead was a consequence of the actions the appellant took on the night in question.

We review a military judge's sentencing instructions for an abuse of discretion. *United States v. Barrier*, 61 M.J. 482, 485 (C.A.A.F. 2005). In this context, a military

judge abuses his discretion when the instructions are based on an erroneous view of the law or are not tailored to the case's facts and circumstances. *United States v. Duncan*, 53 M.J. 494, 499 (C.A.A.F. 2000); *United States v. Greaves*, 46 M.J. 133, 139 (C.A.A.F. 1997).

Since the filing of the parties' briefs in this case, the Court of Appeals for the Armed Forces has issued an opinion which requires rejection of the appellant's argument. In *United States v. Talkington*, 73 M.J. 212, 216-17 (C.A.A.F. 2014), our superior court held that sex offender registration is a collateral consequence of the conviction alone, as it has no causal relationship to the sentence imposed for the offense. Thus, while an accused is permitted to raise this collateral consequence in his unsworn statement, the military judge may instruct the members essentially to disregard this collateral consequence as they deliberate on an appropriate sentence for an accused. *Id.*; *Barrier*, 61 M.J. at 485-86; *United States v. Tschip*, 58 M.J. 275, 277 (C.A.A.F. 2003). In light of this holding, the military judge's refusal to give the defense-requested instruction was not an abuse of discretion, and the instruction he did provide to the panel was in accordance with the holding in *Talkington*.

### Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38248