# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Staff Sergeant MICHAEL S. LANDON
### United States Air Force

### ACM 38560

### 7 May 2015

Sentence adjudged 9 January 2014 by GCM convened at Mountain Home Air Force Base, Idaho. Military Judge: Lyndell M. Powell.

Approved Sentence: Bad-conduct discharge, confinement for 6 months, reduction to E-3, and a reprimand.

Appellate Counsel for the Appellant: Captain Johnathan D. Legg.

Appellate Counsel for the United States: Captain Meredith L. Steer and Gerald R. Bruce, Esquire.

Before

HECKER, SANTORO, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

SANTORO, Senior Judge:

A general court-martial composed of officer members convicted the appellant, contrary to his pleas, of attempted visual recording of another and visual recording of another, in violation of Articles 80 and 120c, UCMJ, 10 U.S.C. §§ 880, 920c. The adjudged and approved sentence consisted of a bad conduct-discharge, confinement for 6 months, reduction to E-3, and a reprimand.

The appellant argues that the military judge erred in his evidentiary instructions to the court members. We disagree and affirm.

*Background*

The appellant concealed his cellular telephone in his 14-year-old stepdaughter's bedroom in an attempt to record her dressing or undressing. While several attempts led to recordings of a dark room, he did capture a recording of his stepdaughter's exposed breasts on one occasion. His actions came to light when his stepdaughter found his cell phone secreted under her dresser and partially hidden by a shirt. For this conduct, the appellant was convicted of attempting on divers occasions to make a visual recording of his stepdaughter's private area, and of successfully making such a recording on one occasion.

When confronted, the appellant said that he was planning to plant the recordings on his 18-year-old stepson's computer in the hope that his stepson would be found in violation of his probation and removed from the appellant's home.

*Findings Instructions*

The appellant asserts that the military judge erred in failing to define the term "indecent" when he instructed the members before their deliberations on findings. He neither requested this instruction nor objected to the military judge's instructions. The failure to object to the omission of an instruction before members deliberate constitutes forfeiture[1] of the objection in the absence of plain error. Rule for Courts-Martial (R.C.M.) 920(f); *United States v. Simpson*, 58 M.J. 368, 378 (C.A.A.F. 2003) (citing *United States v. Glover*, 50 M.J. 476, 478 (C.A.A.F. 1999)).

"To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

Here, the appellant was charged with violating and attempting to violate Article 120c(a)(2), UCMJ. Article 120c is entitled, "Other sexual misconduct." Subsection (a) of Article 120c reads, in pertinent part:

> (a) *Indecent viewing, visual recording, or broadcasting.* Any person subject to this chapter who, without legal justification or lawful authorization--
> . . . .

---

[1] We recognize that Rule for Courts-Martial 920(f) states that the failure to object constitutes waiver. However, as subsequent decisions have clarified, this is actually forfeiture. *United States v. Sousa*, 72 M.J. 643, 651–52 (A.F. Ct. Crim. App. 2013).

> (2) knowingly photographs, videotapes, films, or records by any means the private area of another person, without that other person's consent and under circumstances in which that other person has a reasonable expectation of privacy; . . .

> is guilty of an offense under this section and shall be punished as a court-martial may direct.

Article 120c(a), UCMJ.

As charged in this case, the elements of those offenses were: (1) that at the time and place alleged, the appellant knowingly recorded with a cell phone the private area of his 14-year-old stepdaughter, (2) that he did so without her consent, (3) that under the circumstances at the time of the offense, she had a reasonable expectation of privacy, and (4) that the conduct was wrongful.[2]  *See* Department of the Army Pamphlet 27-9, *Military Judges' Benchbook*, ¶ 3–45c–1.c(1) (10 September 2014).[3]  The military judge also instructed the panel that "private area" is defined as "the naked or underwear-clad genitalia, anus, buttocks or female areola or nipple." *Id.*; Article 120c(d)(2), UCMJ.

The appellant now argues that the military judge erred by failing to instruct on the definition of the term "indecent." He asserts that because Congress used the word "indecent" to title the offense, it necessarily intended to require that the "indecency" of the conduct be an element of the offense. We disagree.

> As in all statutory construction cases, we begin with the language of the statute. The first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. The inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent.

*United States v. McPherson*, 73 M.J. 393, 395 (C.A.A.F. 2014) (quoting *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002)).

Sections of a statute should be construed in connection with one another as "a harmonious whole" manifesting "one general purpose and intent." NORMAN J. SINGER ET AL., STATUTES AND STATUTORY CONSTRUCTION § 46:05 at 154 (6th ed. 2000) (footnote

---

[2] The military judge properly tailored the instruction relating to the attempt to violate this section charged under Article 80, UCMJ, 10 U.S.C. § 880.

[3] At the time of the appellant's trial the Department of the Army had published an approved interim update, effective 21 June 2012, which used language identical to that found in the later published Department of the Army Pamphlet 27-9, *Military Judges' Benchbook*, ¶ 3–45c–1.c(1) (10 September 2014).

omitted). "Just as a single word cannot be read in isolation, nor can a single provision of a statute." *Smith v. United States*, 508 U.S. 223, 233 (1993); *see Russello v. United States*, 464 U.S. 16, 23 (1983) ("[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotation marks omitted)).

We need only look to subsections (c) and (d) of the same Article to resolve this question. Subsection (c), entitled "indecent exposure," makes it an offense to intentionally expose certain body parts "in an indecent manner." Subsection (d) then defines the phrase "indecent manner."

The statutory language is unambiguous. Congress proscribed acts committed "in an indecent manner" in one subsection of this Article, while not using that phrase in the charged subsection, demonstrating that Congress intended to criminalize different forms of conduct in the different subsections. In fact, Congress' intent is plain. With respect to the subsection at issue in this case, Congress sought to criminalize conduct that invaded the victim's private space: circumstances in which a reasonable person would believe that he or she could disrobe in privacy, without being concerned that an image of his or her private area was being captured; or circumstances in which a reasonable person would believe that a private area of the person would not be visible to the public. Article 120c(d)(3), UCMJ.

The appellant further argues, citing *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 255 (2002), that without indecency as an element of the offense, the statute unconstitutionally infringes his right to free speech. We find this argument unpersuasive. The constitutional infirmity in *Free Speech Coalition* was that the statute in question could be read to criminalize both child and adult pornography and was therefore overbroad and potentially violative of the right to possess or view non-obscene adult pornography.

The conduct Article 120c(a)(2), UCMJ, proscribes is qualitatively different. We conclude, as did our sister court in *United States v. Quick*, 74 M.J. 517, 521 (N.M. Ct. Crim. App. 2014), that criminalizing the making a nonconsensual visual recording of the victim's private area when she had a reasonable expectation of privacy is constitutionally defensible. The victim's lack of consent to the recording, coupled with the appellant's knowing invasion of a place in which the victim had a reasonable expectation of privacy, are sufficient to pass constitutional muster.[4]

---

[4] Even the instruction the appellant believes the military judge should have given highlights the correctness of the instructions the judge actually gave. The appellant believes the judge should have instructed that "[i]ndecent conduct includes . . . making a videotape . . . without another person's consent, and contrary to that other person's reasonable expectation of privacy." The military judge instructed on lack of consent and reasonable expectation of

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

privacy as elements, which under the appellant's proposed construct, would equate to the indecent conduct element he believes is missing.