UNITED STATES, Appellee,

v.

James GRIFFIN, Technical Sergeant,
U.S. Air Force, Appellant.

No. 53,855.
ACM 24752.

U.S. Court of Military Appeals.

March 7, 1988.

For Appellant: *William J. Holmes, Esq.* (argued); *Colonel Leo L. Sergi, Major Charles E. Ambrose, Jr., Captain Karen McCoy,* USAFR (on brief).

For Appellee: *Lieutenant Colonel Robert E. Giovagnoni* (argued); *Major Joseph S. Kistler* (on brief); *Colonel Kenneth R. Rengert* and *Colonel Joe R. Lamport.*

*Opinion of the Court*

COX, Judge:

In September 1984, appellant was tried by a general court-martial convened at McChord Air Force Base, Washington. The court was composed of officer (commissioned) and enlisted (noncommissioned officer) personnel. Appellant, a Technical Sergeant (E–6), was charged with raping an Airman First Class (E–3) servicewoman, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. Despite his not guilty pleas, he was convicted and sentenced to be confined for 5 years and dishonorably discharged from the service. The convening authority approved the sentence as adjudged, and the Court of Military Review affirmed. 21 M.J. 501 (1985).

In his petition to this Court, appellant has asked us to determine if the military judge committed prejudicial error when he instructed the court members about appellant's eligibility for retirement benefits. We hold that the judge's instructions were not prejudicially erroneous, based on the facts and circumstances present here.

Sometime prior to the date of the offense, appellant submitted the paperwork

required to allow him to retire from active duty in the Air Force. When the offense occurred, he was on terminal leave, awaiting transportation to his home in another state. During an *in camera* hearing [Art. 39(a), UCMJ, 10 U.S.C. § 839(a)] on sentencing instructions, trial counsel requested that the court members be instructed on the effect a sentence to reduction in grade without a punitive discharge would have on retirement benefits. After discussing applicability of the instruction to the case and without any objection from the defense, the military judge agreed and advised the members as follows:

> An enlisted member who is retirement eligible at the time of sentencing and who is reduced in grade but not sentenced to a punitive discharge will, if permitted to retire, retire at the grade to which reduced but will be paid at the higher grade.

During deliberations, the court members asked the judge several questions concerning retirement benefits. Specifically, they wanted to know if a punitive discharge would cause forfeiture of all of appellant's retirement benefits. They also wished to know:

1. What effect would a reduction in grade have on his retirement benefits?

2. When would a punitive discharge become effective?

3. What benefits would appellant's dependents be entitled to if he were confined?

4. How long would dependent entitlements exist?

5. Would retirement occur if appellant were not punitively discharged?

Although the military judge attempted to answer some of the questions, he ultimately instructed them that: decisions concerning appellant's retirement status would be made by the Secretary of the Air Force; the members should sentence appellant based on the offense committed and the instructions given; and the members could recommend that the convening authority grant appellant clemency. Defense counsel did not object to any of the members' questions or to the judge's answers.

■ The general rule concerning collateral consequences of a sentence is that "courts-martial [are] to concern themselves with the appropriateness of a particular sentence for an accused and his offense, without regard to the collateral administrative effects of the penalty under consideration." *United States v. Quesinberry*, 12 U.S.C.M.A. 609, 612, 31 C.M.R. 195, 198 (1962). We see no need to relax this rule today.

■ Obviously, a military judge will be confronted from time-to-time with inquiries from court members regarding collateral consequences of particular sentences, and an appropriate reply ordinarily is to reaffirm the idea that collateral consequences are not germane. On the other hand, it is certainly not error for the judge to answer the members' questions *if an accused agrees*. Military judges are cautioned, however, to be particularly careful in those situations where their answers to questions from members are not clear.

■ Thus, the fact that the military judge instructed the members about the effect of the adjudged sentence on appellant's retirement benefits does not mandate reversal.

First, in reality, the impact of an adjudged punishment on the benefits due an accused who is eligible to retire is often the single most important sentencing matter to that accused and the sentencing authority. Thus, it is only in a theoretical sense that the effect a punitive discharge has on retirement benefits can be labeled collateral. Moreover, the impact on benefits—whatever it may be—can only be a direct and proximate consequence of the sentence.

Second, the instruction here was not given *sua sponte*, but at the request of trial counsel. The military judge discussed the instruction with defense counsel and specifically asked if there was any objection. None was made.

Third, during deliberations and as noted herein, the members asked the judge ques-

tions about retirement benefits, and, again, no objection was made to the judge's responses.

Lastly, during argument in mitigation, defense counsel pleaded, as follows, for the members not to punitively discharge appellant because of the consequential loss of retirement benefits:

[A] dream may be shattered forever and irreparably if he be punitively discharged from the Air Force—a punishment grossly beyond proportions of an offense committed under such circumstances and by a man of his record and demonstrated character.

And so I beseech you ... that you not punitively discharge this man and impose a forfeiture of his retirement forever.

■ In any event, absent timely objection, an error in sentencing instructions is waived unless such error rises to the level of "plain error." R.C.M. 1005(f), Manual for Courts-Martial, United States, 1984. As we have recently reiterated:

In order to constitute plain error, the error must not only be both obvious and substantial, it must also have "had an unfair prejudicial impact on the jury's deliberations." [Citation omitted.] The plain error doctrine ... "is to be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." [Citation omitted.]

*United States v. Fisher*, 21 M.J. 327, 328–29 (C.M.A.1986).

In sum, we are satisfied that neither the military judge's instructions to the court members nor his responses to their questions constituted such error. Thus, there is no error which "materially prejudices the substantial rights of" appellant. Art. 59(a), UCMJ, 10 U.S.C. § 859(a).

The decision of the United States Air Force Court of Military Review is affirmed.

Judge SULLIVAN concurs.

EVERETT, Chief Judge (concurring in the result):

In my view, it is quite appropriate for the sentencing authority—whether court members or military judge—to consider the collateral consequences of various sentencing alternatives. Therefore, it is permissible for a judge to instruct on those consequences, either *sua sponte* or at the request of the parties or of the members. Likewise, it is permissible for the members to seek instruction in this regard.

Unfortunately, however, the collateral consequences of a sentence—or even of a conviction—cannot always be foreseen. Moreover, a military judge is less likely to be informed as to collateral, than as to direct, consequences. Thus, for practical reasons and in the exercise of his sound discretion, a military judge is entitled to limit the scope of the advice he provides—as the judge attempted to do here.

If the military judge erred in his instructions, his error was waived by the defense's lack of objection. No reason exists to grant relief from this waiver, since the failure to object apparently reflected a tactical choice by defense counsel, rather than oversight or incompetence on his part.