Judge BECKER
(concurring in the result):
I agree with the lead opinion’s holding in the Eighth Amendment issue, and most of its analysis. Loss of retirement pay due to a punitive discharge is not part of a court-martial’s sentence. Accordingly, it is neither a “cruel and unusual punishment” nor an “excessive fine” within the meaning of the Eighth Amendment.
However, I dissociate myself from portions of the lead opinion which, in my view, imply that loss of retirement pay should be considered a mere collateral consequence of punishment and, therefore, is not a permissible sentencing factor. See slip op. at 3-4. To the contrary, I believe the loss of such benefits to an otherwise retirement-eligible accused is a proper matter in mitigation. See R.C.M. 1001(c)(1)(B); United States v. Griffin, 25 M.J. 423, 424 (C.M.A), cert, denied, 487 U.S. 1206, 108 S.Ct. 2849, 101 L.Ed.2d 886 (1988).
I also dissociate myself from the lead opinion’s implication that evidence of the dollar value of retirement benefits may not be admissible, even if loss of benefits is a proper sentencing consideration. See slip op. at 5, n. 8. Approximating a potential financial loss from a punitive discharge is not an impractical task. Indeed, the parties here did so without apparent difficulty or controversy. Military judges have the discretion in this area to avoid confusion, misleading members, undue delay, waste of time, and needless accumulation of evidence. Mil.R.Evid. 403. Therefore, we need not fear that litigants will run amok in fiscal intricacies. If the potential loss of retirement benefits is a legitimate *521 mitigating factor — and I believe it is, at least when an accused is retirement-eligible — then the sentencing authority should be allowed to hear something about what they are worth.
These portions of the lead opinion are not necessary to its otherwise excellent analysis of the appellant’s Eighth Amendment argument. They are dicta, and should not be taken as authority for excluding evidence of how much a retirement-eligible accused stands to lose if the sentence includes a punitive discharge. I fully concur with the lead opinion’s resolution of the remaining assignments of error.