**UNITED STATES, Appellee**

v.

**Adrienne M. HALL, Captain, U.S. Air Force, Appellant.**

No. 96–1240.
Crim.App. No. 31483.

U.S. Court of Appeals for the Armed Forces.

Submitted March 5, 1997.

Decided June 9, 1997.

For Appellant: *Lieutenant Colonel Kim L. Sheffield* and *Major Carol L. Hubbard* (on brief); *Colonel David W. Madsen* and *Captain Todi S. Carnes.*

For Appellee: *Colonel Theodore J. Fink, Lieutenant Colonel Michael J. Breslin,* and *Captain Libby A. Brown* (on brief).

*Opinion of the Court*

COX, Chief Judge:

Captain Hall was tried by a general court-martial with members at Offutt Air Force Base, Nebraska. Pursuant to her pleas, she was found guilty of wrongful use of methamphetamines, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. During deliberations on sentence, the members posed the following question to the military judge, "Should the accused be dismissed from the Air Force, what benefits would she be entitled to as a dependent?" Captain Hall is the spouse of a military retiree. The military judge instructed the members as follows:

> The response to that is, her conviction by this court or any sentence imposed by this court, including a dismissal, would not affect any benefits she would be entitled to as a dependent of a retired military person. In other words, those might be use of commissary, use of BX, medical benefits, as any other dependent of a retired military person.

Having given the above instruction, the military judge then asked whether either counsel had "any quarrel with that point of view." Both the prosecution and the defense replied in the negative.

Captain Hall was sentenced to dismissal from the Air Force, without any other punishment. We granted review of the following issue:

WHETHER THE AIR FORCE COURT ERRED IN IMPLICITLY HOLDING THAT WHERE A MILITARY JUDGE VIOLATES *UNITED STATES V. GRIF-FIN*, 25 MJ 423 (CMA 1988) BY AN-SWERING A MEMBER'S QUESTION ABOUT COLLATERAL CONSE-QUENCES WITHOUT HAVING PRO-CURED THE ACCUSED'S AGREE-MENT TO SUCH A RESPONSE, THERE CAN BE NO PLAIN ERROR IF THE JUDGE'S ANSWER WAS ES-SENTIALLY CORRECT AND DE-FENSE COUNSEL REQUESTED NO INSTRUCTION TO DISREGARD IT; i.e., WHETHER *GRIFFIN* MEANS WHAT IT SAYS, THAT A MILITARY JUDGE MAY ONLY ANSWER MEM-BERS' QUESTIONS REGARDING COL-LATERAL CONSEQUENCES "IF AN ACCUSED AGREES."

■ This Court has repeatedly held that collateral consequences of a court-martial conviction should not be the concern of the court-martial and that instructions thereon should be avoided. *United States v. McElroy*, 40 MJ 368, 371–72 (CMA 1994); *United States v. Griffin*, 25 MJ 423 (CMA 1988). We agree with Chief Judge Everett's observation in his separate opinion in *Griffin* that "the collateral consequences of a sentence—or even of a conviction—cannot always be foreseen." 25 MJ at 425. "On the other hand, it is ... not error" for a military judge "to answer the members' questions *if an accused agrees.*" 25 MJ at 424. It is equally clear that these collateral consequences continue to be a concern to members of a court-martial, for numerous reasons. As this Court observed in *Griffin:*

First, in reality, the impact of an ad-judged punishment on the benefits due an accused who is eligible to retire is often the single most important sentencing matter to that accused and the sentencing authority. Thus, it is only in a theoretical sense that the effect a punitive discharge has on retirement benefits can be labeled collateral. Moreover, the impact on bene-fits—whatever it may be—can only be a direct and proximate consequence of the sentence.

25 MJ at 424.

■ Captain Hall was tried on August 18, 1994. She made an unsworn statement to the members that she had prior enlisted service, had obtained a commission through ROTC, had married an individual who was then retired from the Air Force, and was eligible to retire from the Air Force on De-cember 4, 1994. She asked the court mem-bers to impose punishment only on herself and not on her family. The military judge, without objection, instructed the members that a dismissal could deprive appellant "of substantially all benefits administered by the Veterans Administration and the Air Force establishment."

We have recently addressed the issue of instructing on retirement benefits in *United States v. Sumrall,* 45 MJ 207 (1996); *see United States v. Greaves,* 46 MJ 133 (1997). It is clear that members of courts-martial, military judges, and the parties do not con-sider loss of these benefits to be collateral or immaterial. However, we need not address this issue, because we conclude that objec-tions to the military judge's instruction were waived by failure of appellant to object or seek a curative instruction. *See McElroy, supra* at 372 (waiver by failure to object); *United States v. Griffin, supra.* The sen-tence will be set aside only if the instruction by the military judge constituted plain error.

■ Plain error is a doctrine that "is to be used sparingly, solely in those circum-stances in which a miscarriage of justice would otherwise result." *United States v. Strachan,* 35 MJ 362, 364 (CMA 1992), quot-ing *United States v. Fisher,* 21 MJ 327, 328–29 (CMA 1986), *quoting United States v. Frady,* 456 U.S. 152, 163 n. 14, 102 S.Ct.

1584, 1592 n. 14, 71 L.Ed.2d 816 (1982). "To establish plain error, appellant must demonstrate: that there was 'error'; that such error was 'plain, clear, or obvious'; and that the error 'affect[ed]' appellant's 'substantial rights.'" *United States v. Czekala*, 42 MJ 168, 170 (1995), quoting *United States v. Olano*, 507 U.S. 725, 732, 734, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508 (1993). Appellant has failed to satisfy her burden of showing that an obvious, substantial error occurred and that the error had an unfairly prejudicial impact on her case. *United States v. Strachan, supra.*

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judges SULLIVAN, CRAWFORD, GIERKE, and EFFRON concur.