BAKER, Judge
(concurring in part and dissenting in part):
As the majority has correctly stated, generally “courts-martial [are] to concern themselves with the appropriateness of a particular sentence for an accused and his offense, without regard to the collateral administrative effects of the penalty under consideration.” United States v. Griffin, 25 M.J. 423 (C.M.A.1988) (quoting United States v. Quesinberry, 12 C.M.A. 609, 612, 31 C.M.R. 195, 198 (1962)). This general rule is not dependent on the sentencing forum. Such a rule promotes consistency in sentencing for like offenses and is consistent with the principle of individualized sentencing based on the charged conduct and not based on expectations of future behavior. Accordingly, I concur in this section of the majority opinion.
However, I respectfully dissent from the second section of the majority opinion addressing the application of Military Rule of Evidence (M.R.E.) 606(b) because it is unnecessary to resolve this case.
M.R.E. 606(b) states:
Upon an inquiry into the validity of the findings or sentence, a member may not testify as to any matter or statement occurring during the course of the deliberations of the members of the court-martial or, to the effect of anything upon the member’s or any other member’s mind or emotions as influencing the member to assent to or dissent from the findings or sentence or concerning the member’s mental process in connection therewith, except that a member may testify on the question whether extraneous prejudicial information was improperly brought to the attention of the members of the court-martial, whether any outside influence was improperly brought to bear upon any member, or whether there was unlawful command influence. Nor may the member’s affidavit or evidence of any statement by the member concerning a matter about which the member would be precluded from testifying be received for these purposes.
Because this is a case where the military judge voluntarily disclosed his thought process to counsel, M.R.E. 606(b)’s concern with an inquiry into the confidential deliberations of members, or of the military judge to the *30 extent the rule were read to apply to factfinders in general, is not implicated. Therefore, we need not address the application of M.R.E. 606(b) to military judges to resolve this case. Just as we would not need to consider the scope of the attorney-client privilege in a ease involving a voluntary attorney or client disclosure. As a threshold matter, we would only need to determine whether any possible applicable privilege had been waived. This ease does not require us to explore the possible scope and limitations of M.R.E. 605 or 606. Any judicial privilege that might have applied was independently and voluntarily waived by the military judge.