UNITED STATES, Appellee

v.

Korey J. TALKINGTON, Airman First Class
U.S. Air Force, Appellant

No. 13-0601

Crim. App. No. 37785

United States Court of Appeals for the Armed Forces

Argued December 17, 2013

Decided April 7, 2014

RYAN, J., delivered the opinion of the Court, in which ERDMANN and STUCKY, JJ., joined. BAKER, C.J., filed a separate opinion concurring in the result, in which OHLSON, J., joined.


Counsel

For Appellant: Captain Thomas A. Smith (argued); Lieutenant Colonel Jane E. Boomer and Captain Travis K. Ausland.

For Appellee: Captain Matthew J. Neil (argued); Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith and Gerald R. Bruce, Esq. (on brief); Major Charles G. Warren.


Military Judge: Jefferson B. Brown


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge RYAN delivered the opinion of the Court.

We granted Appellant's petition to review the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY INSTRUCTING THE
> MEMBERS THAT CONSIDERATION OF SEX OFFENDER
> REGISTRATION IS "NOT A MATTER BEFORE THEM" AND
> "FRAUGHT WITH PROBLEMS."

Sex offender registration is a collateral consequence of the conviction alone, not the sentence. While an accused may raise a collateral consequence in an unsworn statement, United States v. Rosato, 32 M.J. 93, 95-96 (C.M.A. 1991), our precedent also makes clear that the military judge may instruct the members essentially to disregard the collateral consequence in arriving at an appropriate sentence for an accused. United States v. Barrier, 61 M.J. 482, 485-86 (C.A.A.F. 2005); United States v. Tschip, 58 M.J. 275, 277 (C.A.A.F. 2003). Because the military judge took such action here, the decision of the United States Air Force Court of Criminal Appeals (AFCCA) is affirmed.

## I. FACTS

The facts relevant to the granted issue are few. Contrary to his pleas, a general court-martial composed of officer and enlisted members convicted Appellant of two specifications of attempted aggravated sexual assault and one specification of attempted abusive sexual contact, both in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880

2

(2012).[1]  The underlying facts were that Appellant touched the

victim's breasts and penetrated her vagina while he believed

that she was sleeping, and thus substantially incapable of

declining participation.  At the court-martial, in his unsworn

statement during sentencing, Appellant stated:  "I will have to

register as a sex offender for life . . . I am not very sure

what sort of work I can find."

The military judge instructed the members as follows on how

to make use of Appellant's unsworn statement:

> The court will not draw any adverse inference from the fact
> that the accused has elected to make a statement which is
> not under oath.  An unsworn statement is an authorized
> means for an accused to bring information to the attention
> of the court, and must be given appropriate consideration.
>
> The accused cannot be cross examined by the
> prosecution or interrogated by court members or me upon an
> unsworn statement, but the prosecution may offer evidence
> to rebut statements of fact contained in it.  The weight
> and significance to be attached to an unsworn statement
> rests within the sound discretion of each court member.
> You may consider that the statement is not under oath, its
> inherent probability or improbability, whether it is
> supported or contradicted by evidence in the case, as well
> as any other matter that may have a bearing upon its
> credibility.  In weighing an unsworn statement, you are
> expected to use your common sense and your knowledge of
> human nature and the ways of the world.
>
> The accused's unsworn statement included the accused's
> personal belief that he would be administratively
> discharged if he did not received [sic] a punitive
> discharge and his belief that he would be required to

---

[1] Consistent with his plea, the panel acquitted Appellant of a
charge of sodomy, in violation of Article 125, UCMJ, 10 U.S.C. §
925 (2012).

register as a sex offender. An unsworn statement is a proper means to bring information to your attention, and you must give it appropriate consideration. Your deliberations should focus on an appropriate sentence for the accused for the offense of which the accused stands convicted.

However, as a general evidentiary matter, evidence regarding possible registration as a sex offender or the potential of an administrative discharge, and the consequences thereof, would be characterized as a collateral consequences [sic], and thus inadmissible outside of the context of an unsworn statement. This is so because your duty in sentencing is to adjudge an appropriate sentence for this accused, under these facts, in accordance with my instructions. Possible collateral consequences of the sentence, beyond those upon which you are instructed, should not be a part of your deliberations other than as I have earlier discussed.

As to sex offender registration requirements, they may differ between jurisdictions such that registration requirements, and the consequences thereof, are not necessarily predictable with any degree of accuracy. Even if such requirements were predictable, whether or not the accused will be or should be registered as a sex offender and whether he will be or should be administratively discharged is not a matter before you. Rather, determining an appropriate sentence for this accused, in accordance with my instructions, is your charge. In short, use of this limited information is fraught with problems. Therefore, after due consideration of the unsworn statement and my prior instructions [on] the nature of an unsworn statement, the consideration and weight you give the reference is up to you in your sound discretion.

Appellant's counsel objected to the military judge's proposed instruction related to sex offender registration on the ground that its language:

goes beyond just a matter of letting the members know that this is evidence only appropriate through an unsworn statement or commentary in an unsworn statement and goes to another level really insinuating to the members that they should give it very little weight.

4

Defense counsel continued:

> collateral matters that are brought up by the accused are matters that may be considered and that's in light of [United States v. Grill, 48 M.J. 131 (C.A.A.F. 1998), which] mentions nothing regarding the military judge in any regard trying to limit or dissuade them from paying attention to what's in the accused's unsworn statement.

The military judge overruled the objection explaining, "The court does not read [Grill] as broadly as you do."

The maximum available sentence for Appellant's convictions was forty-seven years and a dishonorable discharge; trial counsel argued for a sentence of not less than three years of confinement and a dishonorable discharge. Manual for Courts-Martial, pt. IV, paras. 4.e, 45.f(2), 45.f(5) (2008 ed.). The members adjudged a sentence of confinement for eight months, a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to E-1.

The AFCCA affirmed the findings and sentence as approved by the convening authority. United States v. Talkington, No. ACM 37785, 2013 CCA LEXIS 357, at *27, 2013 WL 1858584, at *8 (A.F. Ct. Crim. App. Apr. 26, 2013) (unpublished). On appeal to the AFCCA, Appellant did not raise the issue granted by this Court.

## II. DISCUSSION

The Court reviews a military judge's sentencing instructions for an abuse of discretion. Barrier, 61 M.J. at 485. In this context, a military judge abuses his discretion

when the instructions are based on an erroneous view of the law or are not tailored to the case's facts and circumstances. United States v. Duncan, 53 M.J. 494, 499 (C.A.A.F. 2000); United States v. Greaves, 46 M.J. 133, 139 (C.A.A.F. 1997). Appellant argues that the military judge erred in his instruction related to Appellant raising the prospect of sex offender registration in his unsworn statement. In his view, the military judge abused his discretion in instructing the members that sex offender registration was irrelevant in arriving at the sentence in his case for two reasons. First, he asserts that consideration of sex offender registration during sentencing is required by this Court's holding in United States v. Riley, 72 M.J. 115, 116-17 (C.A.A.F. 2013). Brief for Appellant at 3-4, United States v. Talkington, 73 M.J. __ (C.A.A.F. 2014). Second, and relatedly, he asserts that sex offender registration is similar to the impact of a punitive discharge on retirement benefits, which the Court has deemed akin to "a direct and proximate consequence of the sentence," United States v. Griffin, 25 M.J. 423, 424 (C.M.A. 1988), so that an instruction to the members to disregard it as a collateral consequence was an abuse of discretion. We disagree.

The holding in Riley is inapposite in this separate context, and the military judge's instructions were not an abuse of discretion under the precedent of this Court.

A.

Rule for Courts-Martial (R.C.M.) 1001 permits the presentation of matters in extenuation, mitigation, or rebuttal by an accused through an unsworn statement. R.C.M. 1001(c). Despite the limits of this rule, the Court has, on the one hand, held that the right to present an unsworn statement is "generally considered unrestricted." Rosato, 32 M.J. at 96. On the other hand, an unsworn statement "may be tempered by appropriate instructions from the military judge." Barrier, 61 M.J. at 484. This Court has explained that while the right of allocution includes the right to present evidence that is not relevant as extenuation, mitigation, or rebuttal, the military judge may "put the information in proper context by effectively advising the members to ignore it." Id. at 486 (internal quotation marks omitted).

A collateral consequence is "'[a] penalty for committing a crime, in addition to the penalties included in the criminal sentence.'" United States v. Miller, 63 M.J. 452, 457 (C.A.A.F. 2006) (alteration in original) (quoting Black's Law Dictionary 278 (8th ed. 2004) (citing as 1999 in original)), overruled in part by Riley, 72 M.J. at 120-21.[2] "The general rule concerning

_____

[2] In contrast, a "[m]atter in extenuation of an offense serves to explain the circumstances surrounding the commission of an offense," R.C.M. 1001(c)(1)(A), and a matter in mitigation is:

7

collateral consequences is that 'courts-martial [are] to concern themselves with the appropriateness of a particular sentence for an accused and his offense, without regard to the collateral administrative effects of the penalty under consideration.'" Griffin, 25 M.J. at 424 (alteration in original) (quoting United States v. Quesinberry, 12 C.M.A. 609, 612, 31 C.M.R. 195, 198 (1962)). The collateral consequences of a court-martial do not constitute R.C.M. 1001 material, and while they may be referenced in an unsworn statement, Rosato, 32 M.J. at 96 (C.M.A. 1991) (finding error where a military judge precluded an appellant from mentioning collateral consequences of a court-martial -- a rehabilitation program -- in an unsworn statement), they should not be considered for sentencing. United States v. McNutt, 62 M.J. 16, 19-20 (C.A.A.F. 2005); see also Barrier, 61 M.J. at 486 (noting general preference for a "contextual instruction" for matters raised in an unsworn statement "rather

---

introduced to lessen the punishment to be adjudged by the court-martial, or to furnish grounds for a recommendation of clemency. It includes the fact that nonjudicial punishment under Article 15 has been imposed for an offense growing out of the same act or omission that constitutes the offense of which the accused has been found guilty, particular acts of good conduct or bravery and evidence of the reputation or record of the accused in the service for efficiency, fidelity, subordination, temperance, courage, or any other trait that is desirable in a servicemember.

R.C.M. 1001(c)(1)(B). All of the above examples of mitigation focus on particular traits of the accused, or prior punishment.

than outright preclusion"); Tschip, 58 M.J. at 277 (permitting military judge to instruct that administrative discharge was a collateral matter when referenced in unsworn statement and that the members had discretion to disregard the reference to the collateral matter); Griffin, 25 M.J. at 424 (citing Quesinberry, 12 C.M.A. at 612, 31 C.M.R. at 198).

This is both because the proper focus of sentencing is on the offense and the character of the accused, R.C.M. 1001(b)-(c), and "to prevent 'the waters of the military sentencing process' from being 'muddied' by 'an unending catalogue of administrative information.'" Rosato, 32 M.J. at 96 (quoting Quesinberry, 12 C.M.A. at 612, 31 C.M.R. at 198).[3]

To be sure, there is a "tension between the scope of pre-sentencing unsworn statements and the military judge's obligation to provide proper instructions." Barrier, 61 M.J. at 487 (Erdmann, J., concurring in the result). However, Appellant does not take issue with this precedent or ask us to overrule it. Instead he argues that sex offender registration is not a collateral consequence and, therefore, the precedent that

---

[3] Sex offender registration directly implicates these concerns of "minitrials" and "muddied waters" because the requirements for sex offender registration are not "precise" and "[e]ach state has different rules as to when registration is required and how compliance is monitored and measured," which make it difficult for members to make an informed decision. United States v. Datavs, 70 M.J. 595, 604 (A.F. Ct. Crim. App. 2011), aff'd on other grounds, 71 M.J. 420, 422, 426 (C.A.A.F. 2012).

recognizes a military judge's discretion to put collateral consequences in a proper context does not apply in this case.

B.

Appellant argues that after this Court's recent Riley decision, sex offender status is no longer a collateral consequence for any purpose. Riley is not so broad. In Riley, the trial defense counsel and the military judge did not inform the appellant that pleading guilty to kidnapping of a child would subject her to registration as a "sex offender," and this Court held that "in the context of a guilty plea inquiry, sex offender registration consequences can no longer be deemed a collateral consequence of the plea." Riley, 72 M.J. at 121.

Riley, however, was a guilty plea case in which we sought to apply the reasoning of Padilla v. Kentucky, 559 U.S. 356 (2010), to the different fact of sex offender registration. 72 M.J. at 121. Consequently, we considered the providence of a guilty plea where neither the defense counsel nor the military judge informed the defendant that pleading guilty would require sex offender registration. Riley, 72 M.J. at 118-19. We concluded that it was not a provident plea, and emphasized the requirement to ensure a "plea was a 'knowing, intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences.'" Id. at 122 (alteration in original) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).

10

Appellant now asks us to extend the Riley rationale to sentencing and prohibit a military judge from informing the members that they need not consider sex offender registration in arriving at a sentence.  We decline this invitation for two reasons.  First, unlike the context of a plea inquiry, nothing about the sentence has any impact on the requirement or duty to register as a sex offender.  Sex offender registration operates independently of the sentence adjudged and remains a collateral consequence.  See, e.g., 42 U.S.C. § 16911 (2012) (defining sex offender categories by the fact of conviction and the length of corresponding maximum sentences available, and not the sentences imposed); cf. United States v. Pena, 64 M.J. 259, 265 (C.A.A.F. 2007) ("[T]he collateral administrative consequences of a sentence, such as early release programs, do not constitute punishment for purposes of the criminal law.").

Moreover, and despite Appellant's arguments to the contrary, sex offender registration is markedly different than retirement benefits, which can directly be affected by the imposition of a punitive discharge -- loss of military retirement benefits is one possible result of the sentence itself, as opposed to the conviction.  See, e.g., Griffin, 25 M.J. at 424 ("[I]t is only in a theoretical sense that the effect a punitive discharge has on retirement benefits can be labeled collateral. . . . [T]he impact on benefits -- whatever

11

it may be -- can only be a direct and proximate consequence of the sentence."); see also Greaves, 46 M.J. at 139 ("[W]here a servicemember is perilously close to retirement . . . a general collateral-consequences instruction disregarding the effects of a punitive discharge on retirement will not suffice.").  Thus, unlike the loss of retirement benefits, which would be a direct consequence of the imposition of a punitive discharge, there is no causal relation between the sentence imposed and the sex offender registration requirement.  Whether Appellant received no punishment or the maximum available punishment he would be required to register as a sex offender based on the fact of his conviction alone.

Second, even after Padilla v. Kentucky, which considered the question whether it was ineffective assistance of counsel not to inform an accused of the deportation consequences of a guilty plea, a case whose reasoning we relied upon in Riley, 72 M.J. at 119-21, the Supreme Court continues to categorize sex offender registration as a collateral consequence.  Chaidez v. United States, 133 S. Ct. 1103, 1108 n.5 (2013) (stating that the "effects of a conviction commonly viewed as collateral include . . . sex offender registration").  While this has no bearing on our treatment of sex offender registration in the context of determining the providence of a guilty plea within the military justice system, we have been presented with no

12

unique military reason to extend the reasoning of Padilla or Riley further. In the context of sentencing, Miller remains good law to the extent it recognizes that "the requirement that Appellant register as a sexual offender is a consequence of his conviction that is separate and distinct from the court-martial process." Miller, 63 M.J. at 457.

C.

While Riley altered this Court's treatment of sex offender registration in the context of the providence of a guilty plea, it did not alter this Court's definition of a collateral consequence, and sex offender registration remains one outside the context of a guilty plea inquiry. See, e.g., United States v. Lindsey, No. ACM 37894, 2013 CCA LEXIS 503, at *16-*17, 2013 WL 3353908, at *5 (A.F. Ct. Crim. App. June 18, 2013) (unpublished) (distinguishing Riley's conclusion that sex offender registration is not a collateral consequence in a guilty plea context from collateral consequences at sentencing).

Consequently, Appellant was permitted to mention sex offender registration in his unsworn statement. See Duncan, 53 M.J. at 499; Rosato, 32 M.J. at 96; see also United States v. Macias, 53 M.J. 728, 732 (A. Ct. Crim. App. 1999) (concluding that a military judge abused her discretion when she failed to permit the accused to mention in an unsworn statement that the accused may have to register as sex offender for a non-sex

offense crime).  In turn, the military judge had discretion to "temper[]" the unsworn statement with "appropriate instructions."  Barrier, 61 M.J. at 484.  "While the military judge's discretion in choosing whether to instruct upon such 'collateral' matters is broad, he or she is required to give legally correct instructions that are tailored to the facts and circumstances of the case."  Duncan, 53 M.J. at 499.

Relevant to the arguments raised on appeal, nothing in the instructions complained of was an inaccurate statement of either the law or the facts.  Our precedent authorized the military judge to place the sex offender registration mentioned during Appellant's unsworn statement in its proper context, by informing the members that Appellant was permitted to address sex offender registration in his unsworn statement, while also informing them that possible collateral consequences should not be part of their deliberations in arriving at a sentence.  See Barrier, 61 M.J. at 485-86; Rosato, 32 M.J. at 96.  Accordingly, the military judge did not abuse his discretion.

### III.  DECISION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Talkington, No. 13-0601/AF

       BAKER, Chief Judge, with whom OHLSON, Judge, joins

(concurring in the result):

       Like the consequence of deportation, sex offender
       registration is not a criminal sanction, but it is a
       particularly severe penalty. . . . Moreover, sex
       offender registration is intimately related to the
       criminal process.  The automatic result of sex
       offender registration for certain defendants makes it
       difficult to divorce the penalty from the conviction.

United States v. Riley, 72 M.J. 115, 120-21 (C.A.A.F. 2013)

(internal quotation marks omitted).  Appendix 4 to Enclosure 2

of Department of Defense Instruction 1325.07[1] makes this point

clearly and emphatically:

       A Service member who is convicted in a general or
       special court-martial of any of the offenses listed in
       Table 4, must register with the appropriate
       authorities in the jurisdiction . . . in which he or
       she will reside, work, or attend school upon leaving
       confinement, or upon conviction if not confined.

Emphasis added.  Indeed, sex offender registration is required

in all fifty states.[2]  Sex offender registration also addresses

at least four of the recognized purposes of sentencing:

_____

[1] See Dep't of Defense, Instr. 1325.07, Administration of
Military Correctional Facilities and Clemency and Parole
Authority app. 4 Enclosure 2 (Mar. 11, 2013) [hereinafter Dep't
of Defense Instr. 1325.07].

[2] The Jacob Wetterling Crimes Against Children and Sexually
Violent Offender Registration Act (the Wetterling Act) required
all states to implement a sex offender and crimes against
children registry.  Pub L. No. 103-322, 108 Stat. 2038 (1994)
(codified as amended at 42 U.S.C. § 14071 (2006)), repealed by
Sex Offender Registration and Notification Act, Pub. L. No. 109-
248 § 129, 120 Stat. 587, 600 (2006).  It was enacted as part of
the Federal Violent Crime Control and Law Enforcement Act of
1994.  Id.

rehabilitation of the wrongdoer, punishment of the wrongdoer, protection of society and preservation of good order and discipline.[3]  Furthermore, it may be the most significantly stigmatizing and longest lasting effect arising from the fact of conviction.  Therefore, in my view, it is not good enough to call it collateral and leave it to the members to sort out what to make of it based on their own perceived, received, and often erroneous understanding of registration.  A tailored and appropriate instruction is required.  The question raised in this case is how, if at all, should a military judge instruct on the subject in the context of an unsworn statement.

At present, military judges are left to instruct their way through and around the rocks and shoals of inconsistent case law and ambiguous rules.  On the one hand, members must give due consideration to an accused's unsworn statement, which in this case made reference to sex offender registration.  Moreover, because sex offender registration is addressed to the purposes of sentencing, in many cases it is also appropriate as mitigation, and potentially as rebuttal.  The right to present an unsworn statement is "generally considered unrestricted." United States v. Rosato, 32 M.J. 93, 96 (C.M.A. 1991).  On the other hand, as the Court highlights, sex offender registration is a collateral consequence of conviction rather than a

---

[3] See United States v. Ohrt, 28 M.J. 301, 305 (C.M.A. 1989).

2

consequence of sentencing.[4]  United States v. Talkington, __ M.J. __, __ (2) (C.A.A.F. 2014).  This results in the Court's conclusion that sex offender registration is collateral and thus inadmissible, and should not be part of their deliberations. Id. at __ (14).

I would conclude instead that a tailored instruction is warranted, which recognizes the role of the unsworn statement, the fact that registration is intimately related to the criminal process, as well as the fact that sex offender registration is not in fact a sentence imposed at court-martial.  The military judge tried to thread this needle.  The military judge made a genuine effort to distinguish the reference to sex offender registration contained in the unsworn statement from evidence regarding possible registration as a sex offender.  However, this is a legal subtlety likely lost on the lay members of the court-martial.  The result was a confusing, if not an inconsistent and contradictory instruction.  The members were instructed that "[t]he weight and significance to be attached to an unsworn statement rests within the sound discretion of each court member" and that "you must give it [the unsworn statement] appropriate consideration," while also being instructed that

---

[4] Therefore, I agree with the Court that Riley, which addressed the providence of a guilty plea, does not stand for the proposition that sex offender status is no longer a collateral consequence for any purpose.  Talkington, __ M.J. at __ (10).

"whether or not the accused will be or should be registered . . . is not a matter before you" and that "use of this limited information is fraught with problems."  This may have unintentionally signaled the members that notwithstanding his previous instruction, they really ought to ignore the reference contained in the unsworn statement altogether.  As a result, I would conclude that the instruction was internally inconsistent and confusing and therefore erroneous.

In my view, and as recognized in Riley and Dep't of Defense Instr. 1325.07, sex offender registration is integral to the penalty landscape for certain sexual offenses.  Therefore, an accused should be able to refer to sex offender registration in an unsworn statement with an accompanying instruction at least to the extent that the Dep't of Defense Instr. 1325.07 addresses the issue.  For example, a military judge might make the following instructional references:

> Under DOD Instructions, when convicted of certain offenses, including the offenses here, the accused must register as a sex offender with the appropriate authorities in the jurisdiction in which he resides, works, or goes to school.

> Sex offender registration is required in all fifty states; however, sex offense registration requirements may differ between jurisdictions.  As a result, the registration requirements and the consequences of doing so are not necessarily predictable.

> Sex offense registration is a consequence of conviction; however, it is not a sentence adjudged at court-martial.

> Thus, while the consideration and weight you give the reference in Appellant's unsworn statement to sex offender registration is up to you and in your discretion, your duty is to determine the criminal sentence to adjudge in this case, if any, for the offenses for which the accused has been found guilty.

This approach avoids the dilemma faced by the military judge in this case of trying to navigate the accused's right to make an unsworn statement about a collateral matter that is nonetheless a direct consequence of conviction. As importantly, it prevents the members from applying their own diverse understandings of the sex offender registration requirement.

Having found instructional error, I nonetheless concur in the result. The maximum authorized sentence for Appellant's convictions included forty-seven years of confinement and a dishonorable discharge. The Government argued for a sentence of not less than three years of confinement and a dishonorable discharge. Manual for Courts-Martial, United States pt. IV, paras. 4.e, 45.f(2), 45.f(5) (2008 ed.) (MCM). The members adjudged eight months of confinement, a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to E-1. Thus, Appellant has not demonstrated sentencing prejudice from any confusion generated by the instruction in this case. Moreover, as the military judge noted, Appellant in fact never did offer evidence that he would have to register under Dep't of

Defense Instr. 1325.07 or relevant state law.  Therefore,

Appellant was not prejudiced on sentencing and I would affirm.