**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Technical Sergeant RONNIE WILSON**
**United States Air Force**

**ACM 37486 (reh)**

**27 August 2014**

Sentence adjudged 10 June 2013 by GCM convened at Joint Base Anacostia-Bolling Air Force Base, Washington D.C. Military Judge: Mark L. Allred.

Approved sentence: Dishonorable discharge, confinement for 33 months, total forfeiture of all pay and allowances and reduction to E-1.

Appellate Counsel for the Appellant: Captain Christopher D. James.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith; Major Rhea A. Lagano; and Gerald R. Bruce, Esquire.

Before

MITCHELL, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

MITCHELL, Chief Judge[1]:

In February 2009, a general court-martial composed of officer and enlisted members convicted the appellant, contrary to his pleas, of one specification of wrongful sexual contact with a child under the age of 16 years and two specifications of

---

[1] In a memorandum dated 20 May 2014, Major General Robert G. Kenny, then Performing Duties of The Judge Advocate General, designated Senior Judge Martin T. Mitchell as the Chief Appellate Military Judge in cases where Chief Judge Mark L. Allred served as the military judge or recused himself under the governing standards of judicial conduct. In this case, Chief Judge Allred, while serving as a trial judge, presided over the appellant's court-martial. Therefore, Chief Judge Mitchell designated the special panel in this case.

committing indecent acts on a child under the age of 16 years, in violation of Articles 120 and 134, UCMJ, 10 U.S.C. §§ 920, 934. The court-martial sentenced the appellant to a dishonorable discharge, confinement for five years, forfeiture of all pay and allowances, and reduction to E-1. Initially, the convening authority approved the dishonorable discharge, confinement for four years and nine months, and reduction to E-1.

Subsequently, we affirmed the findings and sentence. *United States v. Wilson*, ACM 37486 (A.F. Ct. Crim. App. 15 December 2011) (unpub. op.), r*ev'd in part*, 71 M.J. 355 (C.A.A.F. 2012) (mem.). In that decision, we considered several issues, including the terminal element issue, in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). Following *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), our superior court, in a summary disposition, reversed the portion of our *Wilson* decision which affirmed the findings of guilty of the two indecent act specifications alleged as a violation of Article 134, UCMJ; affirmed the remaining finding of guilty of wrongful sexual contact with a child in violation of Article 120, UCMJ; reversed the sentence; and remanded the case for further consideration. *Wilson*, 71 M.J. at 355. Upon remand, we set aside the sentence and directed that a rehearing on sentence for the remaining charge and specification be ordered. *United States v. Wilson*, ACM 37486 (f rev) (A.F. Ct. Crim. App. 5 February 2013) (unpub. op.).

The general court-martial convening authority ordered a rehearing, which was held on 10 June 2013. Prior to the rehearing, the appellant was placed back on active duty. The appellant entered into a "pre-trial" agreement for the rehearing. The appellant agreed to enter into a stipulation of expected testimony, waive his right to further assistance from his appointed forensic psychologist, waive his right to the production of witnesses at Government expense, and elect a rehearing before a military judge sitting alone, thereby waiving his right to a panel of members. In exchange, the convening authority agreed to approve no more than 33 months of confinement should confinement be adjudged.

At the rehearing, trial counsel offered into evidence a personal data sheet, dated 10 June 2013. The personal data sheet listed the appellant's length of service as 21 years, 3 months, and 23 days. The appellant admitted into evidence, without objection, projected retirement pay charts for ranks E-1 through E-6. After considering all the evidence, the military judge sentenced the appellant to a dishonorable discharge, confinement for 36 months, forfeiture of all pay and allowances, and reduction to E-1. In accordance with the pretrial agreement, the convening authority approved a dishonorable discharge, 33 months of confinement, and a reduction to E-1.[2]

---

[2] The convening authority also deferred the reduction in rank, adjudged forfeitures and automatic forfeitures until action. At action, he waived automatic forfeitures while noting that the term of confinement had been served.

The staff judge advocate recommendation (SJAR) is dated 12 July 2013. Attached to the SJAR is a personal data sheet, dated 14 February 2009. This was the personal data sheet from the original court-martial. This data sheet stated the appellant's length of service was 16 years, 11 months. Neither the appellant nor his trial defense counsel identified this error in his clemency petition.

On appeal from his rehearing, the appellant identifies three issues: (1) he is entitled to new post-trial processing because the personal data sheet attached to the SJAR is incorrect; (2) he is entitled to relief because he was paid at the E-1 rate when he was ordered back to active duty, despite the setting aside of his original sentence; and (3) his approved sentence is inappropriately severe.[3] Because we determine the appellant is entitled to relief on the first issue, we do not address the other two at this time.

*Errors in Post-Trial Processing*

Proper completion of post-trial processing is a question of law, which we review de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). Failure to timely comment on matters in the SJAR, to include matters attached to it, waives the issue unless there is plain error. R.C.M. 1106(f)(6); *United States v. Scalo,* 60 M.J. 435, 436 (C.A.A.F. 2005). Under a plain error analysis, the appellant bears the burden of showing: (1) there was an error, (2) it was plain or obvious, and (3) the error materially prejudiced a substantial right of the appellant. *Kho,* 54 M.J. at 65. Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "some colorable showing of possible prejudice." *Scalo*, 60 at 437.

When reviewing post-trial errors, we recognize the convening authority is an appellant's "best hope for sentence relief." *United States v. Lee*, 50 M.J. 296, 297 (C.A.A.F. 1999) (quoting *United States v. Bono*, 26 M.J. 240, 243 n.3 (C.M.A. 1988)). The convening authority, not the courts of criminal appeals, is empowered to grant clemency for equitable reasons. *United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010). "Because of the highly discretionary nature of the convening authority's action on the sentence, we will grant relief if an appellant presents 'some colorable showing of possible prejudice.'" *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)); *see also United States v. Scalo*, 60 M.J. 435 (C.A.A.F. 2005).

The appellant argues the information found on the personal data sheet submitted at trial shows he was retirement eligible and that the convening authority should have been advised of this fact. The Government contends there is no error because the appellant is not retirement eligible as any time he spent in confinement pursuant to his original

---

[3] This last issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) through a supplemental assignment of error.

court-martial sentence is non-creditable service, citing Air Force Instruction 36-2134, *Air Force Duty Status Program*, ¶ 3.2.10. (8 October 2004).[4]

However, that instruction also states that service dates, to include the pay date, will be automatically adjusted when a member is returned to a "present for duty" status. *Id.* at ¶ 3.2.10. It appears the appellant was returned to this status for at least some period of time after his court-martial. On 2 May 2013, the SJA signed a pretrial advice to the convening authority which stated, "Upon release from confinement, TSgt Wilson was assigned to the 4th Force Support Squadron, Seymour Johnson AFB, North Carolina, *on active duty*, pending appellate review of his case." (emphasis added). He was also placed on active duty for the rehearing. His leave and earning statements state, as of July 2013, that he has 21 years of service and his pay date was "920218." This information indicates, at a minimum, that the length of service date on his original personal data sheet was no longer accurate at the time of the sentence rehearing. We also note that trial counsel offered and submitted an updated personal data sheet at the rehearing which included a "length of service" amount that indicated the appellant would be retirement eligible.[5]

Given this, we conclude that it was a plain and obvious error to attach the personal data sheet from the appellant's original court-martial in 2009 to the SJAR provided to the convening authority following the rehearing in 2013. The information provided to the convening authority substantially and inexplicably varied from the information provided to the military judge at the rehearing, and we cannot determine from the record before us whether the appellant is retirement eligible. We conclude the appellant has made a colorable showing of potential prejudice that materially prejudiced his substantial right to have the convening authority consider accurate information about his potential eligibility for retirement benefits when deciding upon clemency. *See United States v. Griffin*, 25 M.J. 423, 424 (C.M.A. 1988) ("[I]n reality, the impact of an adjudged punishment on the benefits due an accused who is eligible to retire is often the single most important sentencing matter to that accused and the sentencing authority."). We will not speculate on what the convening authority would have done in this case had he reviewed the personal data sheet entered into evidence by trial counsel at the rehearing and/or been provided complete information about the appellant's retirement eligibility. *See United States v. Gilbreath*, 57 M.J. 57, 62 (C.A.A.F. 2002).

---

[4] "Any time a member (enlisted or officer) spends in AWOL status, desertion, or any confinement whether it is pre or post-trial confinement status is considered non-creditable service--also referred to as 'lost' time or 'bad' time. When lost time is charged, a member's service dates are adjusted forward by the number of days of lost time charged. Air Force Instruction (AFI) 36-2134, *Air Force Duty Status Program*, ¶ 3.2.10.1 (8 October 2004). "Time spent in confinement is considered to be non-creditable service and *must be* charged as lost time (DoD Financial Management Regulation, Volume 7A, table 1.1. and U.S. Code, Title 10, Section 972). *Exception*: If the member is released without trial, acquitted, or the conviction is set aside on legal grounds, please contact HQ AFPC/DPWROP at DSN 665-3483 for procedures." *Id* at ¶ 3.2.10.1 (emphasis added).

[5] We note that the military test scores differ on the two personal data sheets.

*Conclusion*

The record of trial is returned to The Judge Advocate General for remand to the convening authority for withdrawal of the action and for post-trial processing consistent with this opinion. R.C.M. 1107(g); Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, Article 66(c), UCMJ, 10 U.S.C. § 866(c), will apply.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court