**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman Basic JOHN S. BAILY**
**United States Air Force**

**ACM S32200**

**22 January 2015**

Sentence adjudged 10 October 2013 by SPCM convened at Francis E. Warren Air Force Base, Wyoming. Military Judge: Shaun S. Speranza (sitting alone).

Approved Sentence: Bad-conduct discharge and confinement for 2 months.

Appellate Counsel for the Appellant: Captain Lauren A. Shure and David P. Sheldon, Esquire.

Appellate Counsel for the United States: Major Daniel J. Breen; Captain Meredith L. Steer; and Gerald R. Bruce, Esquire.

Before

HECKER, MITCHELL, and SANTORO
Appellate Military Judges

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Rule of Practice and Procedure 18.4.

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of two specifications of the wrongful use of oxycodone and one specification of the wrongful use of hydrocodone, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, and one specification of making a false statement on an application to purchase a firearm in violation of Article 134, UCMJ, 10 U.S.C. § 934. The adjudged and approved sentence was a bad-conduct discharge and confinement for 2 months.[1] Before us, the

---

[1] A pretrial agreement capping confinement at 3 months had no effect on the approved sentence.

appellant asserts the sentence to a bad-conduct discharge is inappropriately severe. We disagree and affirm.

## Background

The appellant admitted to wrongfully using oxycodone on 10 to 15 occasions between 24 June and 8 July 2013 and again between 22 July and 5 August 2013. He also admitted wrongfully using hydrocodone on one occasion between 8 July and 22 July 2013. He obtained the pills from a fellow Airman, and then either crushed and snorted them or inhaled them through a straw. His drug use was detected by urinalyses conducted pursuant to the Air Force's drug testing program. The false statement charge stemmed from the appellant's answering "no" to the question, "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?" on a Bureau of Alcohol, Tobacco, Firearms, and Explosives form that must be completed by prospective firearms purchasers.

This was the appellant's second court-martial. At his first, on 28 August 2013, he was convicted, contrary to his plea, of the wrongful distribution of psilocybin, a Schedule I controlled substance, between October 2012 and March 2013.[2] For that offense, he was sentenced to confinement for 30 days, hard labor without confinement for 3 months, forfeiture of pay, and reduction to E-1.

Additional facts necessary to resolve the assignment of error are included below.

## Sentence Severity

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006); *United States v. Baier*, 60 M.J. 382, 383–84 (C.A.A.F. 2005). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006), *aff'd*, 65 M.J. 35 (C.A.A.F. 2007); *see also United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). While we have a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

---

[2] The officer members in that general court-martial acquitted the appellant of several other drug, regulatory, and false statement offenses.

The maximum imposable sentence, based on the charges' referral to a special court-martial, was confinement for 12 months, forfeiture of two-thirds pay per month for 12 months, and a bad-conduct discharge. The approved sentence of confinement for 2 months and a bad-conduct discharge was clearly within the discretion of the convening authority. Before us, the appellant argues that the bad-conduct discharge is inappropriately severe because: (1) a bad-conduct discharge is not necessary to rehabilitate him, (2) being under investigation and subjected to a court-martial has already been rehabilitative, (3) the 2 months he served in confinement were sufficient rehabilitation, (4) he was illegally placed into pretrial confinement, and (5) his status as someone who has been convicted of a federal offense is sufficient punishment.

We are not persuaded by any of these arguments. At the time he committed the offenses at issue in this trial, the appellant was already pending court-martial for other drug and false statement offenses. His decision to use contraband substances 10 to 15 times after his initial charges were preferred on 30 May 2013 significantly undercuts his first two arguments on appeal. With respect to the argument he was subjected to illegal pretrial confinement, that issue was discussed in detail at trial and the appellant personally waived any claim that he was subjected to illegal pretrial punishment.[3] He did so to gain the benefit of the very favorable pretrial agreement he had negotiated with the convening authority. The appellant's status of having a criminal conviction is just that: a status. It is not punishment but rather a collateral consequence of his actions. *See United States v. Talkington*, 73 M.J. 212, 213 (C.A.A.F. 2014); *United States v. Miller*, 63 M.J. 452, 457 (C.A.A.F. 2006); *United States v. Griffin*, 25 M.J. 423, 424 (C.M.A. 1988). Finally, we note that the appellant entered into a pretrial agreement with the convening authority that limited the amount of confinement he would serve to 3 months while specifically allowing for the imposition of a punitive discharge.

We have given individualized consideration to this appellant and the evidence in the record. The sentence is not inappropriately severe for an Airman who, while pending

---

[3] Our superior court has held that an appellant's failure to raise the issue of illegal pretrial confinement at trial "waives that issue for purposes of appellate review absent plain error." *United States v. Inong*, 58 M.J. 460, 465 (C.A.A.F. 2003). In subsequent case law, however, that court clarified that it is forfeiture that is tested for plain error; waiver is not. *See United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (stating that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'"). Waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue. *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal. *Id.* Here, the appellant and his defense counsel advised the military judge that they believed the appellant had been subjected to illegal pretrial punishment based on the Government's failure to follow the provisions of Rule for Court-Martial 305 but were waiving the issue in order to receive the benefit of the pretrial agreement (which expressly required him to not raise the motion). Under these circumstances, we find the appellant waived this issue. The appellant did bring the circumstances of the situation to the military judge's attention for his consideration in determining an appropriate punishment. *Inong*, 58 M.J. at 463.

drug-related court-martial charges, continued to use contraband substances and made a false statement concerning his substance abuse to facilitate his purchase of a firearm.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32200