# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, D.C. KING, T.H. CAMPBELL**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## RYAN B. SECREST
### MISSILE TECHNICIAN SECOND CLASS (E-5), U.S. NAVY

## NMCCA 201500314
## GENERAL COURT-MARTIAL

**Sentence Adjudged:** 29 June 2015.
**Military Judge:** CAPT Robert B. Blazewick, JAGC, USN.
**Convening Authority:** Commander, Navy Region Southeast, Naval Air Station, Jacksonville, FL.
**Staff Judge Advocate's Recommendation:** CDR N.O. Evans, JAGC, USN.
**For Appellant:** CAPT Bree Ermentrout, JAGC, USN.
**For Appellee:** LCDR Jeremy Brooks, JAGC, USN; Capt Cory Carver, USMC.

**21 April 2016**

---------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general regulation, two specifications of making false official statements, and one specification of making an indecent visual recording, in violation of Articles 92, 107, and 120c, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, and 920c. The convening authority approved the adjudged sentenced of ten months' confinement, reduction to pay grade E-2, and a bad-conduct discharge.

The appellant's single assignment of error alleges that the staff judge advocate (SJA) mistakenly provided copies of her recommendation (SJAR) to two non-victims, and this inadvertent disclosure violated the appellant's privacy and improperly increased his punishment. We disagree and are satisfied that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## Background

While underway aboard USS WYOMING (SSBN 742), the appellant filmed female midshipmen in the forward crew's head sink area during their designated shower time. The recordings showed the partially naked bodies of the midshipmen and were filmed without the midshipmen's knowledge or consent. When confronted about his wrongdoing, the appellant lied to investigators about his actions.

The original SJAR listed two female officers, who were not victims in the appellant's case, as recipients of copies of the SJAR via their victim's legal counsel. The trial defense counsel (TDC), upon receipt of the SJAR, submitted a letter requesting that the SJA disregard any matters submitted by those two officers or their counsel and not provide any such matters to the CA as the listed officers are not "victims of anything that [the appellant] plead guilty to[.]"[1] Although it is unclear from the record whether the officers or their legal counsel actually received the SJAR[2], the SJA issued a corrected SJAR removing them as recipients.

## Discussion

The appellant now contends that his punishment was effectively increased by the dissemination of the original SJAR to unauthorized recipients. Specifically, the appellant argues that the improper distribution of the SJAR violated his privacy, unlawfully increased his punishment, and resulted in an inappropriately severe sentence. We disagree.

This court reviews sentence appropriateness *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). In reviewing sentence appropriateness, our principal objective is "assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). In doing so, we give "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (internal quotation marks and citation omitted.)

Assuming the appellant established that the original SJAR was inadvertently provided to unauthorized recipients, we find that this alone does not constitute punishment. Distribution of records to victims is a collateral consequence of conviction, not a part of the sentence. Collateral consequences, generally, do not constitute punishment and are inappropriate for sentencing

---

[1] TDC ltr of 24 Aug 15

[2] "NA" was handwritten on the document to reflect the date Victim's Legal Counsel were served with a copy of the SJAR. The two female officers were apparently victims in a companion case.

consideration. *See, e.g., United States v. Griffin*, 25 M.J. 423, 424 (C.M.A. 1988) (holding that impact of conviction on retirement benefits is a collateral consequence and not a punishment); *United States v. Gomezarroyo*, 1999 CCA LEXIS 276 at *9 (N.M.Ct.Crim.App. 1999) (noting that deportation is a potential collateral consequence of conviction). There is no evidence indicating that any mistaken dissemination of the SJAR was intended to punish the appellant or deter others from similar crimes. The appellant does not specify what harm he suffered as a result of any inadvertent dissemination of the original SJAR beyond a general violation of his privacy. The appellant also fails to specify what information contained in the SJAR is protected by his right to privacy.

Even if we were to conclude the inappropriate dissemination of the SJAR in the appellant's case was punishment, it would not constitute illegal post-trial punishment. Successful assertions of illegal post-trial punishment require that the appellant demonstrate an Eighth Amendment or Article 55, UCMJ violation. *United States v. Lovett*, 63 M.J. 211, 215, (C.A.A.F. 2006). This requires showing both a sufficiently serious injury and deliberate government indifference. *United States v. White*, 54 M.J. 469, 474 (C.A.A.F. 2001). In alleging a generalized violation of his privacy, the appellant has failed to meet either of these requirements.

Accordingly, we find that the appellant has not established that his punishment was improperly increased and sentence reconsideration is not appropriate. Revising the appellant's sentence at this point would constitute clemency, which is reserved to other entities. *United States v. Nerad*, 69 M.J. 138, 147 (C.A.A.F. 2010). We further find that the appellant's sentence was appropriate in light of the nature and seriousness of the offenses and the appellant's character.

## Conclusion

The findings and sentence as approved by the convening authority are affirmed.


For the Court


R.H. TROIDL
Clerk of Court