UNITED STATES

v.

**Airman First Class Brandon C. BRIGGS, United States Air Force.**

ACM S31593.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 19 Nov. 2008.

19 Jan. 2010.

Appellate Counsel for the Appellant: Colonel James B. Roan, Major Shannon A. Bennett, Major David P. Bennett, Captain Tiaundra Sorrell, and Captain Reggie D. Yager.

Appellate Counsel for the United States: Colonel Douglas P. Cordova, Lieutenant Colonel Jeremy S. Weber, Captain Jason M. Kellhofer, and Gerald R. Bruce, Esquire.

Before BRAND, JACKSON, and THOMPSON, Appellate Military Judges.

OPINION OF THE COURT

JACKSON, Senior Judge:

In accordance with the appellant's pleas, a military judge convicted him of one specification of being absent without leave terminated by apprehension, one specification of making a false official statement, and three specifica-

tions of larceny, in violation of Articles 86, 107, and 121, UCMJ, 10 U.S.C. §§ 886, 907, 921. A panel of officers sitting as a special court-martial sentenced the appellant to a bad-conduct discharge, 75 days of confinement, a $3,000 fine, and reduction to the grade of E–1. The convening authority approved the adjudged sentence.[1]

On appeal, the appellant asks this Court to disapprove the bad-conduct discharge and reassess the sentence. As the basis for his request, he opines that the military judge erred by: (1) failing to instruct the members, in light of their questions, of their right to recommend clemency and (2) precluding the trial defense counsel from arguing the availability of an administrative separation after the issue was raised in the appellant's unsworn statement. We disagree and finding no prejudicial error, we affirm.

### Background

On 26 February 2008, the appellant borrowed a truck from Staff Sergeant (SSgt) KS, a co-worker. While in her truck, the appellant discovered a credit card belonging to SSgt KS and he used the credit card to purchase an X–Box 360 gaming system and other items from the Base Exchange at Nellis Air Force Base, Nevada. On 29 May 2008 and again on 5 June 2008, the appellant stole money from SSgt KS's purse as her purse lay unattended in the office they shared. Sensing something amiss, SSgt KS notified her first sergeant who summoned the appellant for questioning. After a proper rights advisement, the appellant waived his rights, agreed to answer questions, and denied involvement in the theft of the money from SSgt KS's purse. A few days later, the appellant had a change of heart and confessed to taking SSgt KS's credit card and stealing money from her purse. On 7 July 2008, the appellant absented himself from his unit and remained absent until agents with the Air Force Office of Special Investigations apprehended him on 25 September 2008.

At trial, the appellant providently pled to and was found guilty of the offenses. During his unsworn statement, the appellant advised the members that regardless of their decision, he "[would] probably be administratively discharged from the service." During his sentencing argument, the trial defense counsel, seizing on the appellant's comments, informed the members that administrative discharges exist and that forums other than courts-martial can impose administrative discharges. The trial counsel objected to the trial defense counsel's reference to administrative discharges and the military judge sustained the objection.

During their deliberations, the members asked the military judge if there was an option for recommending a discharge other than a bad-conduct discharge. In response, the military judge instructed the members that: (1) the appellant might be subjected to an administrative discharge if the court-martial did not adjudge a bad-conduct discharge and (2) their duty was not to decide if the appellant should be retained or administratively separated but whether the appellant should be sentenced to a punitive discharge. The appellant, through counsel or otherwise, did not object to the instruction or request additional instructions.

### Failure to Instruct on the Ability to Make a Clemency Recommendation

■ Rule for Courts–Martial (R.C.M.) 1005(a) requires the military judge to "give the members appropriate instructions on sentence." We review a military judge's sentencing instructions for abuse of discretion. *United States v. Hopkins,* 56 M.J. 393, 395 (C.A.A.F.2002) (citing *United States v. Greaves,* 46 M.J. 133, 138 (C.A.A.F.1997)). "The military judge has considerable discretion in tailoring instructions to the evidence and law." *Id.* Military judges also have broad discretion concerning instructions on collateral matters. *United States v. Duncan,* 53 M.J. 494, 499 (C.A.A.F.2000). "Failure to object to an instruction or to omission of an instruction before the members close to deliberate on the sentence constitutes waiver of the objection in the absence of plain error." R.C.M. 1005(f). Plain error means error that is plain or obvious and that materially preju-

---

1. The appellant and the convening authority entered into a pretrial agreement wherein the appellant agreed to plead guilty to the afore-mentioned charges in return for the convening authority's promise to, inter alia, withdraw and dismiss a pending forgery charge.

dices the substantial rights of the appellant. *United States v. Powell,* 49 M.J. 460, 463–64 (C.A.A.F.1998). Our superior court has found that a trial defense counsel's purposeful agreement with the military judge's instructions constitutes an affirmative waiver of the issue. *United States v. Smith,* 50 M.J. 451, 456 (C.A.A.F.1999).

In the case at hand, when the court members sought additional information regarding an option for recommending a discharge other than a bad-conduct discharge, the military judge provided a *Friedmann* instruction,[2] advising that it was their duty to determine whether the appellant should be sentenced to a punitive discharge and not whether he should be retained or administratively separated. The trial defense counsel noted his satisfaction with this instruction and did not request any additional instructions. Therefore, we hold the appellant has affirmatively waived this issue.

■ Moreover, even if the appellant did not affirmatively waive the issue, we find the *Friedmann* instruction and the lack of an instruction on clemency were not plain error. First, with respect to the lack of an additional instruction on clemency, it was neither patently nor intuitively obvious from their questions that the members were seeking guidance on whether they could make a clemency recommendation. Second, the *Friedmann* instruction was a correct statement of the law. The collateral consequences of a sentence, to include a subsequent administrative discharge, are generally not relevant to the sentencing authority's decisions. *United States v. Griffin,* 25 M.J. 423, 424 (C.M.A. 1988) (citing *United States v. Quesinberry,* 31 C.M.R. 195, 198, 1962 WL 4393 (C.M.A. 1962)). Thus, the military judge was not obliged to advise the members that they could make a clemency recommendation for an administrative discharge. Lastly, the appellant has failed to show that the military judge's failure to give such an instruction

materially prejudiced a substantial right. In the final analysis, the appellant affirmatively waived this issue and, barring waiver, he has failed to establish plain error.

### Trial Defense Counsel's Argument on the Availability of an Administrative Discharge

■ As a matter of first impression, this Court must determine whether a trial defense counsel is entitled to argue collateral matters, namely the availability of an administrative discharge, after they have been raised in an accused's unsworn statement. Stated alternatively, Is an accused entitled to have collateral matters that he raised in his unsworn statement argued by counsel at sentencing? For the reasons set forth below, we hold an accused has no such entitlement.

We review a military judge's ruling on an objection to argument for an abuse of discretion. *United States v. Macklin,* 104 F.3d 1046, 1049 (8th Cir.1997). While the Rules for Courts–Martial do not set out a standard for argument on the evidence during presentencing proceedings as they do for closing argument on findings,[3] this Court and our superior court have previously held that sentencing arguments by the trial counsel and the trial defense counsel must be based upon evidence adduced at trial and any "fair inferences as may be drawn therefrom." *United States v. White,* 36 M.J. 306, 308 (C.M.A. 1993) (quoting *United States v. Nelson,* 1 M.J. 235, 239–40 (C.M.A.1975)). Further, sentencing arguments "cannot include matter not supported by the facts or [matter] the court is not justified in considering in determining the sentence." *United States v. Beneke,* 22 C.M.R. 919, 922, 1956 WL 4901 (A.F.B.R.1956).

Moreover, this Court and our superior court have previously held that an accused's unsworn statement is not evidence. *United States v. Provost,* 32 M.J. 98, 99 (C.M.A.1991)

2. The military judge was referring to an instruction he drafted based on *United States v. Friedmann,* 53 M.J. 800, 803–04 (A.F.Ct.Crim.App. 2000).

3. *Compare* Rule for Courts–Martial (R.C.M.) 919(b) which provides that argument by counsel

on findings "may properly include reasonable comment on the evidence in the case, including inferences to be drawn therefrom, in support of a party's theory of the case" *with* R.C.M. 1001(g) which has no such standard with respect to sentencing argument by counsel.

(citing William Winthrop, *Military Law and Precedents* 300 (2d ed. 1920 reprint)); *United States v. Britt*, 44 M.J. 731, 732 (A.F.Ct. Crim.App.1996) (citing Winthrop, *supra*, at 300). Lastly, as previously discussed, the collateral consequences of a sentence, to include a subsequent administrative discharge, are generally not relevant to the sentencing authority's decisions. *Griffin*, 25 M.J. at 424.

Although an unsworn statement is an authorized means for an accused to bring information to the court's attention and must be given appropriate consideration, it is not evidence. Against this backdrop, it is readily apparent why an accused is not entitled to have collateral matters, including the availability of an administrative separation, raised during his unsworn statement argued at sentencing. Such argument is improper as it is not based on evidence and it blurs the distinction between a punitive discharge and an administrative separation. *United States v. Motsinger*, 34 M.J. 255, 257 (C.M.A.1992) (citing *United States v. Ohrt*, 28 M.J. 301, 306 (C.M.A.1989)). Put simply, the military judge did not abuse his discretion by preventing the trial defense counsel from arguing the availability of an administrative separation.

### Conclusion

The approved findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred.[4] Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.

---

4. We note three separate errors in the court-martial order (CMO), dated 24 December 2008. First, Charge I and its Specification should be identified as an allegation under Article 85, UCMJ, 10 U.S.C. § 885. The appellant pled not guilty to the Article 85, UCMJ, allegation but guilty to the lesser included offense of Article 86, UCMJ. The military judge found him not guilty of Article 85, UCMJ, but guilty of Article 86, UCMJ. Second, the plea is missing from each specification in the promulgating order. Finally, the "withdrawn and dismissed" language is missing from the Specification of Charge IV. Preparation of a corrected CMO is hereby directed. *See United States v. Smith*, 30 M.J. 1022, 1028 (A.F.C.M.R.1990); Air Force Instruction 51–201, *Administration of Military Justice*, ¶ 10.8.2.2, Fig. 10.4 (21 Dec 2007).