# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32613**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Quinn A. SHELBY**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary
Decided 24 February 2021

————————————

*Military Judge:* Jefferson B. Brown.

*Sentence:* Sentence adjudged 24 June 2019 by SpCM convened at F.E. Warren Air Force Base, Wyoming. Sentence entered by military judge on 10 August 2019: Bad-conduct discharge, confinement for 45 days, hard labor without confinement for 15 days, forfeiture of $1,120.00 pay per month for 2 months, restriction to the limits of F.E. Warren Air Force Base, Wyoming, for 15 days, and a reprimand.

*For Appellant:* Major Amanda E. Dermady, USAF.

*For Appellee:* Colonel Shaun S. Speranza, USAF; Mary Ellen Payne, Esquire.

Before LEWIS, MERRIAM, and CADOTTE, *Appellate Military Judges*.

Judge MERRIAM delivered the opinion of the court, in which Senior Judge LEWIS and Judge CADOTTE joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MERRIAM, Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongful use of a controlled substance on divers occasions, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] As part of a plea agreement with the convening authority, Appellant waived his right to a trial by members and requested to be tried by military judge alone. The plea agreement established a maximum confinement period of two months and imposed no other limitations on sentence. Consistent with the terms of the plea agreement, the military judge sentenced Appellant to a bad-conduct discharge, confinement for 45 days, hard labor without confinement for 15 days, forfeiture of $1,120.00 pay per month for two months, restriction to the limits of F.E. Warren Air Force Base, Wyoming, for 15 days, and a reprimand.

Appellant asserts three assignments of error: (1) whether the military judge erred by not requiring trial counsel to admit Appellant's enlisted performance reports (EPRs) during presentencing; (2) whether trial counsel's sentencing argument was improper because he argued Appellant would be discharged; and (3) whether trial counsel's sentencing argument was improper because he argued Appellant should be sentenced more harshly due to his prior disciplinary history. We find no prejudicial error and affirm the findings and sentence.

## I. BACKGROUND

Appellant entered active duty in the United States Air Force in May 2016. In February 2019, Appellant began using cocaine in Fort Collins, Colorado. He used cocaine five times between February 2019 and 17 March 2019.[2]

---

[1] Unless otherwise noted, all references in this opinion to the Uniform Code of Military Justice (UCMJ) and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] We note Appellant was charged with divers uses of a controlled substance "between on or about 1 January 2019 and on or about 16 March 2019." The final cocaine use to which Appellant pleaded guilty occurred on 17 March 2019. Though not precisely within the charged time, "on or about" are words of art in pleading that generally connote any time within a few weeks of the on or about date. *United States v. Brown*, 34 M.J. 105, 110 (C.M.A. 1992) (citations omitted), *overruled on other grounds by United States v. Reese*, 76 M.J. 297 (C.A.A.F. 2017)). When charges employ an "on or about" date and set forth a timeframe when the misconduct is alleged to have occurred, the Government is required to establish that the crime occurred at a date within the

## II. DISCUSSION

### A. Non-Admission of Enlisted Performance Report

#### 1. Additional Background

During presentencing proceedings, after the Government rested without offering any EPRs, the military judge asked trial counsel if there were any EPRs to be admitted. Trial counsel asserted "there's one in the works but it has not been completed." Unprompted, trial defense counsel then confirmed "Defense counsel is under the same impression, Your Honor." Without commenting further on the lack of EPRs, the military judge then turned to trial defense counsel to present evidence.

#### 2. Law

We review allegations of a military judge's error in evidentiary decisions for an abuse of discretion. *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995) (citations omitted). Once "an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal." *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) (citation omitted). Forfeiture is the "failure to make a timely assertion of a right." *Id.*

We review forfeited issues for plain error. R.C.M. 1001(b)(2); *United States v. Eslinger*, 70 M.J. 193, 197–98 (C.A.A.F. 2011); *United States v. Koczent*, No. ACM S32269, 2015 CCA LEXIS 446, at *10 (A.F. Ct. Crim. App. 22 Oct. 2015) (unpub. op.). To prevail under a plain error analysis, an appellant must demonstrate that: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007) (citations omitted).

When an EPR is not part of an accused's personnel records at the time of trial, trial counsel is not required to offer the EPR into evidence. *United States v. Tillmon*, No. ACM 33387, 1999 CCA LEXIS 286, at *9 (A.F. Ct. Crim. App. 19 Oct. 1999) (unpub. op.) (finding no error where trial counsel did not offer EPR when EPR was not part of personnel records because unit was "holding onto" the EPR pending results of the court-martial).

#### 3. Analysis

Appellant argues that Rule for Courts-Martial (R.C.M.) 1001(b)(2) and Air Force Instruction (AFI) 51-201, *Administration of Military Justice* (18 Jan.

---

timeframe charged or reasonably near the charged timeframe in order to avoid a material variance. *See United States v. Allen*, 50 M.J. 84, 86 (C.A.A.F. 1999). Appellant has asserted no material variance, and we find none.

2019), require admission of all EPRs, and that it was therefore error for the military judge to not require admission of Appellant's EPRs during the presentencing proceeding. At the time of his trial, Appellant had served on active duty for just over 36 months. Under Air Force regulation, at least one, and possibly two,[3] EPRs apparently should have been issued to Appellant by that time. AFI 36-2406, *Officer and Enlisted Evaluation Systems*, ¶ 4.3.1, Table 4.3 (8 Nov. 2016) (EPRs required annually for all enlisted personnel with at least 20 months total active federal military service).

When the military judge inquired of trial counsel whether he would offer any EPRs, trial counsel indicated there was no completed EPR to admit. Unprompted, trial defense counsel then agreed with trial counsel's assertion that no completed EPR existed. By agreeing, trial defense counsel did more than simply fail to object to the non-admission of an EPR; he intentionally and knowingly waived any possibility of having the military judge consider an EPR. *See, e.g.*, *United States v. Haynes*, 79 M.J. 17, 19 (C.A.A.F. 2019) (holding trial defense counsel's agreement with an assertion by the military judge constituted not only a failure to lodge an objection, but the agreement was "akin to a statement of 'no objection,'" which may "count as an affirmative waiver"). We need not reach the issue of whether the failure to offer or admit an EPR was error, as this issue was waived. *See Gladue*, 67 M.J. at 313.[4]

Even assuming *arguendo* that this issue was not waived, the military judge did not commit plain or obvious error by failing to consider an EPR that did not exist. EPRs are not required to be admitted when they are not part of an accused's personnel records at the time of trial. *Tillmon*, unpub. op. at *9. Nor could the Government be required to admit an EPR that did not exist. AFI 51-201 imposes a requirement that trial counsel offer all EPRs *"maintained according to departmental* directives, as evidence of the character of the accused's prior service." ¶ 12.26.3. (emphasis added). Trial defense counsel confirmed to the military judge that there was no EPR to admit. On appeal, Appellant has neither alleged nor offered any proof that there existed at the time of trial an EPR to admit. In fact, Appellant admits he is uncertain how many EPRs "should have been" admitted, further suggesting no EPR has ever been created and placed in Appellant's records. Rather, Appellant has asserted only that an

---

[3] Appellant does not assert whether one or two EPRs should have been admitted. We refer throughout this opinion to "an EPR" (singular), without deciding whether one or more should have been issued. We do not believe the number of EPRs materially affects our analysis of Appellant's assignment of error.

[4] Appellant's waiver will remain undisturbed as we decline to exercise our discretion to pierce his waiver under Article 66, UCMJ, 10 U.S.C. § 866. *See generally United States v. Hardy*, 77 M.J. 438, 442–43 (C.A.A.F. 2018) (citation omitted).

EPR *should have been* in his record at the time of trial, based on the length of his service.

The record before us is devoid of an alleged EPR, or even proof that an EPR existed at the time of trial. We find the military judge committed no error, plain or otherwise, by failing to admit nonexistent EPRs.

## B. Improper Sentencing Argument

### 1. Additional Background

Appellant asserts trial counsel's sentencing argument was improper for two reasons: (1) because trial counsel argued Appellant would be discharged; and (2) because trial counsel argued Appellant should be sentenced more harshly due to his prior disciplinary history.

#### a. Administrative Discharge

During sentencing argument, trial counsel argued "[t]he Court's acceptance of the accused's plea in this case virtually ensures that in the very near future [Appellant] will no longer be in the Air Force." Trial defense counsel did not object to this argument. Appellant now argues that trial counsel's comment was "plain or obvious" error because "experienced trial practitioners know that the collateral consequences of a sentence, to include the possibility of an administrative discharge, are not relevant and cannot be argued by counsel."

In his oral unsworn statement, Appellant stated "I would like to apologize to this court, my unit, the Air Force, my family, and all the patients who I'll no longer be able to serve." He also stated "I know that use of drugs has [cost] me the chance to continue to serve in the Air Force but I will not let myself fail to miss out on any opportunities moving forward." During Appellant's oral unsworn statement, which was presented in a question-and-answer format, trial defense counsel asked Appellant "what's your plan for after the Air Force?" Appellant responded by outlining that he had applied to several colleges and was actively arranging housing with a family friend. Later, Appellant said

> I wish I would have been able to make the proper decisions and choices to finish my Air Force career, the six-year term that I originally enlisted for. I now know that I'll either be discharged here or discharged administratively shortly after this trial. No matter what, I intend to learn my lesson and not fall back to what I've done previously.

In his written unsworn statement, Appellant asked the military judge to "allow me to be administratively discharged and avoid the lifelong stigma of a [bad-conduct discharge]."

During his sentencing argument, trial defense counsel noted his client had worked hard even though Appellant "knew he was going to be out of the Air Force soon."

### b. Disciplinary History

At sentencing, trial counsel offered, and the military judge admitted without objection from trial defense counsel, several pieces of derogatory administrative actions from Appellant's personnel records. These included two letters of reprimand, a letter of admonishment, and two letters of counseling.

During sentencing argument, trial counsel stated

> Your Honor, we have provided you . . . the documents showing the significant and escalating attempts by the accused's command to correct his behavior and instill in him discipline and professionalism. The fact that we are here today shows that, unfortunately, those attempts had failed and it is the government's position that harsher measures are now necessary.

> Your Honor, we have reached this point because, in spite of being given every opportunity, [Appellant] has not changed the trajectory of his behavior, and instead chose to use cocaine on five separate instances. We have passed the point of counseling. We have passed the point of admonishment and reprimand. And now it is the government's position that [Appellant's] behavior demands punishment.

Trial defense counsel did not object to this argument.

### 2. Law

Whether argument is improper is a question of law we review de novo. *United States v. Andrews*, 77 M.J. 393, 398 (C.A.A.F. 2018) (citation omitted); *United States v. Pope*, 69 M.J. 328, 334 (C.A.A.F. 2011). Because trial defense counsel failed to object to what Appellant now alleges was improper argument, Appellant forfeited the objection, and we review for plain error. R.C.M. 1001(h); *Erickson*, 65 M.J. at 223. To prevail, Appellant must prove that "(1) there was error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Erickson*, 65 M.J. at 223 (citations omitted).

In determining the existence of prejudice in the context of an allegedly improper sentencing argument, we consider whether "'trial counsel's comments, taken as a whole, were so damaging that we cannot be confident' that [the appellant] was sentenced 'on the basis of the evidence alone.'" *Id.* at 224 (quoting *United States v. Fletcher*, 62 M.J. 175, 184 (C.A.A.F. 2005)). Where the weight

of the evidence amply supports the sentence imposed, we can be confident Appellant was sentenced on the basis of the evidence alone. *United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013).

"Military judges are presumed to know the law and to follow it absent clear evidence to the contrary. As part of this presumption we further presume that the military judge is able to distinguish between proper and improper sentencing arguments." *Erickson*, 65 M.J. at 225 (citation omitted); *United States v. Gillian*, No. ACM 39692, 2020 CCA LEXIS 397, at *14 (A.F. Ct. Crim. App. 30 Oct. 2020) (unpub. op.). "This presumption holds regardless of whether the military judge notes the improper portions or states what portions he will consider." *Gillian*, unpub. op. at *14.

Sentencing arguments by trial counsel and trial defense counsel must be based on evidence adduced at trial and any fair inferences that may be drawn therefrom. *United States v. Briggs*, 69 M.J. 648, 650 (A.F. Ct. Crim. App. 2010) (citation omitted). The subject of an administrative discharge is a collateral matter. *United States v. Tschip*, 58 M.J. 275, 277 (C.A.A.F. 2003). "The collateral consequences of a sentence, to include a subsequent administrative discharge, are generally not relevant to the sentencing authority's decisions," and military courts have generally found error where counsel "blurs the distinction between a punitive discharge and an administrative separation." *Briggs*, 69 M.J. at 650–51 (citing *United States v. Motsinger*, 34 M.J. 255, 257 (C.M.A. 1992)); *United States v. Griffin*, 25 M.J. 423, 424 (C.M.A. 1988).

Trial counsel may not argue that a punitive discharge is an appropriate vehicle to separate an accused from the Air Force. *United States v. Ohrt*, 28 M.J. 301, 306 (C.M.A. 1989); *United States v. Greska*, 65 M.J. 835, 838 (A.F. Ct. Crim. App. 2007).

R.C.M. 1001(a)(1)(A)(ii) permits trial counsel to offer "personal data relating to the accused and of the character of the accused's prior service as reflected in the personnel records of the accused." R.C.M. 1001(a)(1)(A)(v) permits trial counsel to offer "evidence of rehabilitative potential." R.C.M. 1001(b)(2) permits trial counsel to introduce from the accused's personnel records evidence of the accused's conduct, performance, and history.

In determining the appropriate sentence, the court-martial may consider evidence admitted during the presentencing proceeding under R.C.M. 1001. R.C.M. 1002(g)(1); *see United States v. Snell*, No. ACM 37792, 2013 CCA LEXIS 385, at *26 (A.F. Ct. Crim. App. 7 May 2013) (unpub. op.) ("disciplinary history" is a factor "related to the principles of sentencing customarily recognized in court-martial practice"). Moreover, during sentencing argument, "[t]rial counsel may . . . refer to the sentencing considerations set forth in R.C.M. 1002(f)." R.C.M. 1001(h). These include "the history and characteristics

of the accused," R.C.M. 1002(f)(1), and the "need for the sentence to . . . rehabilitate the accused." R.C.M. 1002(f)(3)(F).[5] However, trial counsel may not overemphasize an accused's disciplinary history or argue that an accused should be sentenced more harshly for his disciplinary history. *See United States v. Ivy*, No. ACM S31406, 2009 CCA LEXIS 91, at *6–8 (A.F. Ct. Crim. App. 17 Mar. 2009) (unpub. op.).

### 3. Analysis

#### a. Administrative Discharge

Appellant contends it was error for the military judge to allow trial counsel to argue "collateral consequences" during his sentencing argument. The purpose of trial counsel's brief observation that the acceptance of Appellant's pleas ensured Appellant would no longer be in the Air Force is not entirely clear; trial counsel did not elaborate on the relevance of this observation or refer to it again. Additionally, though this statement followed the list of punishments trial counsel was arguing should be adjudged, trial counsel did not tie the observation to a specific sentence request. Moreover, trial counsel did not attempt to argue that a punitive discharge was an appropriate means of separating Appellant from the Air Force. Nor did trial counsel's argument attempt to "blur the line" between a punitive and administrative discharge, which would have been an especially difficult feat, given that the sentencing argument was made not to a panel, but to a military judge.

The principal focus of trial counsel's sentencing argument was that a bad-conduct discharge was appropriate due to the seriousness of Appellant's five uses of cocaine and because of a punitive discharge's deterrent effect. It is appropriate for trial counsel to argue that a bad-conduct discharge is a proper and fitting punishment for the offenses committed. *See Greska*, 65 M.J. at 838.

---

[5] *See also United States v. Freeman*, No. ACM 38494, 2015 CCA LEXIS 100, at *18–19 (A.F. Ct. Crim. App. 23 Mar. 2015) (unpub. op.) (proper for trial counsel to argue that prior negative paperwork "was a reflection of [the accused's] poor rehabilitative potential"); *United States v. Watkins*, No. ACM S31117, 2007 CCA LEXIS 478, at *2–3 (A.F. Ct. Crim. App. 11 Oct. 2007) (per curiam) (unpub. op.) (proper for trial counsel to comment on past negative paperwork "to support her argument that the government's attempts to rehabilitate the appellant had failed and that a bad conduct discharge was an appropriate punishment"); *United States v. Pope*, No. ACM S31124, 2007 CCA LEXIS 369, at *2–3 (A.F. Ct. Crim. App. 19 Sep. 2007) (per curiam) (unpub. op.) (trial counsel properly commented on unfavorable information in appellant's personnel file "to support his argument that the government had repeatedly tried to put the appellant on notice of his behavioral problems and rehabilitate him, apparently to no avail," such that a strong message needed to be sent so the appellant "gets it and will be able to turn his life around").

Appellant has failed to demonstrate plain or obvious error in trial counsel's comment or in the military judge's failure to intervene *sua sponte*.

Even if we were to find trial counsel's observation regarding Appellant's departure from the Air Force constituted plain or obvious error, Appellant has failed to demonstrate prejudice. Appellant argues he "was prejudiced by this error because it was improper and inaccurate to argue that Appellant would unquestionably be separated based on Appellant's conviction." But this argument is a reassertion of *error*, not an identification or explanation of *prejudice*. Moreover, between the parties, it was *Appellant* who primarily put the likelihood of an administrative discharge before the military judge, through multiple comments in his unsworn statements and in trial defense counsel's sentencing argument. Further, the weight of the evidence of five separate uses of cocaine amply supports the sentence imposed, demonstrating Appellant was sentenced based on the evidence alone and was thus not prejudiced by trial counsel's argument. *Halpin*, 71 M.J. at 479–80. Finally, the military judge is presumed to know the difference between proper and improper argument and to disregard improper argument. *See Erickson*, 65 M.J. at 225; *Gillian*, unpub. op. at *14. In the absence of evidence to the contrary, Appellant has not rebutted the presumption that the military judge was not improperly influenced by trial counsel's observation regarding Appellant's departure from the Air Force.

### b. Disciplinary History

Appellant contends that trial counsel engaged in improper argument when he referenced unfavorable information in Appellant's personnel record and argued that prior attempts to correct Appellant's "behavior and instill in him discipline and professionalism" had failed, and thus "harsher measures are now necessary."

While trial counsel is not permitted to argue that an accused should be punished for prior uncharged misconduct, that does not foreclose *all* comment on prior disciplinary history. To the contrary, R.C.M. 1002(f) explicitly authorizes trial counsel to refer in argument to the "history and characteristics of the accused" and, separately, the "need for the sentence to . . . rehabilitate the accused." Additionally, in determining an appropriate sentence, R.C.M. 1002(g)(1) permits the court-martial to consider all evidence admitted during the presentencing proceeding under R.C.M. 1001, which includes evidence from the accused's personnel records of the accused's "conduct, performance, and history."

Trial counsel's comment on Appellant's negative disciplinary history did not amount to arguing that Appellant should be punished for his prior misconduct. Trial counsel contended that "harsher measures" were necessary, not to

punish the prior misconduct, but because "the significant and escalating attempts by [Appellant's] command to correct his behavior" had failed. In fact, trial counsel did not mention the underlying misconduct for which Appellant had received negative paperwork. Instead, trial counsel argued that, despite being given "every opportunity," Appellant had not changed the trajectory of his behavior and instead chose to use cocaine on five occasions. In so doing, trial counsel briefly commented on evidence that was both properly admitted under R.C.M. 1001 and is properly considered when determining an appropriate sentence under R.C.M. 1002(g)(1). Trial counsel's purpose was made clear when he subsequently argued "[w]e have passed the point of counseling. We have passed the point of admonishment and reprimand." Trial counsel was not arguing that Appellant should be punished for the misconduct underlying the counseling, admonishment, and reprimand, but rather was arguing that lesser tools had failed to correct Appellant's behavior, and thus strong punishment was necessary to rehabilitate and deter Appellant.

An accused's service record is relevant to rehabilitative potential. *United States v. Oswald*, No. ACM S31544, 2009 CCA LEXIS 121, at *7 (A.F. Ct. Crim. App. 25 Mar. 2009) (unpub. op.). And trial counsel may argue that an accused's failure to respond to prior rehabilitative efforts reflects poor rehabilitative potential. *Freeman*, unpub. op. at *18–19; *Watkins*, unpub. op. at *2–3. When trial counsel argued that prior attempts to correct Appellant's "behavior and instill in him discipline and professionalism" had failed and thus "harsher measures are now necessary," he was doing precisely that. Trial counsel's reference to Appellant's service record was proper and relevant on the issue of Appellant's rehabilitative potential. *Oswald*, unpub. op. at *7.

Appellant cites one case regarding the propriety of trial counsel's comments on disciplinary history admitted under R.C.M. 1001: *Ivy*, unpub. op. But in that case, we found no error when trial counsel spent approximately one-eighth of her sentencing argument summarizing the appellant's disciplinary history. *Id.* at *6. Appellant cites *Ivy*, then attempts to distinguish it by arguing that in that case trial counsel merely summarized the appellant's disciplinary history, while in the instant case trial counsel argued Appellant's history was a series of escalating behavior that showed nothing would change Appellant's behavior unless more severe punishment was issued. As we noted in *Ivy*, trial counsel is entitled to respond to an accused's claims that he has "learned from his mistakes." *Id.* at *8. In the instant case, Appellant similarly urged "No matter what, I intend to learn my lesson and not fall back to what I've done previously." As in *Ivy*, in this case trial counsel was entitled to respond to Appellant's assertion that he intended to learn from his mistakes by noting that previous attempts to help Appellant learn from his mistakes had not prevented his cocaine use. Also, as in *Ivy*, trial counsel did not over-emphasize Appellant's

disciplinary history in his argument. Our opinion in *Ivy* does not support Appellant's claim of error, and we do not find plain error.

Even if we were to find trial counsel's reference to Appellant's prior disciplinary history was plain or obvious error, Appellant has failed to demonstrate prejudice. Appellant alleges he was "prejudiced because Trial Counsel used Appellant's prior disciplinary history to argue for a more severe sentence." As with Appellant's argument about trial counsel's comment regarding discharge, this assertion of prejudice confuses prejudice with error. Appellant fails to identify or explain the alleged prejudice, much less prove it. Further, the weight of the evidence of five separate uses of cocaine amply supports the sentence imposed, demonstrating Appellant was sentenced based on the evidence alone and was not prejudiced by trial counsel's argument. *Halpin*, 71 M.J. at 479–80. As we noted above, the military judge is presumed to know the difference between proper and improper argument and to disregard improper argument. *See Erickson*, 65 M.J. at 225; *Gillian*, unpub. op. at \*14. In the absence of evidence to the contrary, Appellant has not rebutted the presumption that the military judge was not improperly influenced by trial counsel's reference to Appellant's disciplinary history.

We are confident that Appellant was sentenced based on proper evidence alone.

### III. CONCLUSION

The findings and sentence entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court